### AMBOS v CAMPBELL et

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided August 17, 1931

Edward Blythin, Cleveland, for Ambos.

Boyd, Brooks & Wickham, Cleveland, for Campbell et.

**LEVINE, PJ.**

The errors complained of are principally two: first, that the ordinance of the village of Moreland Heights authorizing the annexation was void because improperly passed for want of statutory notice to councilman Hooper; and second, that the newspaper in which the notice of the hearing before the county commissioners was published (the Heights Press) was not a newspaper of general circulation in Cuyahoga county.

**Sec 4239 GC** reads in part as follows: "The mayor, or any three members may call special meetings upon at least twelve hours' notice to each member, served personally or left at his usual place of residence."

It is clear from this section that the mayor, or the president of the council acting in the place of the mayor, has authority to call such special meeting.

Was the action taken at the special meeting vitiated by failure to serve notice of the meeting upon councilman Hooper who was absent from the state and who was somewhere in Florida?

The case of Rafferty v Clermont, 180 Iowa, page 1391, very clearly involves the question similar to the one in the case at bar.

On page 1399, supra, the court quotes from a Tennessee case as follows:

"We are of the opinion that, when a member of the council removes from the state or is continuously absent from the state, and when he is shown to have been absent from the state and beyond reach on the occasion and at the time of the call, as appears in this case, it is not legally practicable to give him notice of called meetings."

On page 1400 the court said:

"There is but one way to hold for the appellant, and that is to declare that this statute is absolutely mandatory, and that all reason must fail in its consideration. To do this we must disregard the weight of authority and in effect overrule holdings elsewhere."

In Russel v Wellington, 157 Mass., page 104, the court said:

"We do not regard this provision requir-

ing notice to be left at the place of residence as mandatory."

The effect of the holdings by great weight of authority seems to be that similar provisions to the one under discussion are regarded as directory only, and where as in this case the leaving of the notice at the usual place of residence of councilman Hooper would have served no purpose and would in fact have been a useless proceeding that the requirement of notice need not be complied with.

There is an additional fact which appears in the record, namely, that after Councilman Hooper came back, action was taken by the council by way of ratifying the proceedings which took place at the special meeting in the absence of councilman Hooper, and that he voted with the rest of the councilmen in the affirmative.

We hold, therefore, that the failure to give notice to councilman Hooper under the particular circumstances does not vitiate the action taken by the five councilmen who were present at the special meeting and authorized the proceedings for annexation.

We shall now proceed to the other principal contention, namely, that notice of the hearing required by law which was published in the Heights Press was not legal, because the Heights Press is not a newspaper of general circulation within Cuyahoga county.

The evidence discloses that the "Heights Press" has a paid circulation of 2625 subscribers; that while these subscribers are largely in the Heights region they are scattered nevertheless through various parts of the county; that it has an unpaid circulation of 8000 and altogether its actual circulation is between ten and eleven thousand through nearly every section of this county. As we understand the law it is that for a newspaper to be regarded as a newspaper of general circulation within the county, it need not necessarily be consisting exclusively of paid subscribers; that the purpose of the law is clear, namely that the notice should be inserted in a newspaper which people in this county are likely to read, and that when the circulation is extensive throughout the county, it makes no difference whether it consists of paid subscribers or non-paying recipients of the same.

We hold, therefore, that the Heights Press under the evidence must be legally regarded as a newspaper of general circulation within the county.

There are no other questions of importance before us, and upon the above con-siderations the judgment of the Common Pleas Court is hereby affirmed.

VICKERY and WEYGANDT, JJ, concur.