## ALBRIGHT v BARATH

Ohio Common Pleas, Lorain Co

No 38962.

## OPINION

By COOK and FINDLEY, JJ.

This is an action to foreclose a mortgage upon real estate. The sheriff has made a sale, the confirmation of which the plaintiff desires. This question arises: Was the Lorain News a newspaper qualified to publish the notice of sale?

The evidence shows that it meets certain standards required by §6255 GC.

Sec 5704-2 GC, effective October 26, 1936, states in part:

"* * * the term 'newspaper' shall be held to mean a publication bearing a title or name, published at a fixed place of business, regularly issued at fixed intervals as frequently as once a week and having a second-class mailing privilege, being not less than four pages of five columns or more each; the primary function of such publication shall be to inform, instruct, enlighten and entertain, to which the general public as a whole will and does resort for intelligence of passing events of a political, religious, commercial and social nature, local and general current happenings, editorial comment, announcements, miscellaneous reading matter, advertisements, and other notices; provided such a publication to be a newspaper of general circulation shall have been published at regular intervals continuously during a period of at least twenty-four months or as a direct legal successor of such publication issued during the immediate prior period of at least two years; circulated and distributed from an established place of business to subscribers or readers generally of all classes in the county or counties in which it is circulated, for a definite price or consideration for each copy or at a fixed price per annum the circulation of which is proven bona fide by at least fifty per cent thereof being paid for by regular subscribers or through recognized news dealers, and must publish an average of forty per cent news matter which has sufficient merit to have created a following of paid readers, to be a newspaper of general circulation."

The foregoing represents the Legislature's impression of the elements that printed

matter needs in order to become a newspaper. Unfortunately the Legislature made these requirements applicable only to sales of real estate for the payment of delinquent taxes under §§5694 and 5704 GC and other sections relating thereto. It was so held by the Attorney General of Ohio in an opinion rendered on November 15, 1936.

Sec 11681 GC directs that a notice of sale of real estate by the sheriff upon an execution shall be published "in a newspaper printed and of general circulation in the county."

What is a newspaper? We deem it to be a publication appearing with regularity and reporting current subjects intended for the information of the general reading public. The policy of the courts toward professional and trade journals that also carry current news, is reflected by the cases tabulated in 126 Oh St at the top of page 223. By its decision in 127 Oh St, page 84, the Supreme Court of Ohio has indicated that no large amount of current news need be carried.

In Ambos v Campbell, 40 Oh Ap 346, (10 Abs 715), the court states:

"As we understand the law, it is that, for a newspaper to be regarded as a newspaper of general circulation within the county, such circulation need not necessarily consist exclusively of paid subscribers; that the purpose of the law is clear, namely, that the notice should be inserted in a newspaper which people in this county are likely to read, and that, when the circulation is extensive throughout the county, it makes no difference whether it consists of paid subscribers or nonpaying recipients of the same."

However the exact question decided was that the Heights Press, with a paid circulation of 2625 subscribers and an additional unpaid circulation of 8,000 subscribers, was a newspaper of general circulation.

The case at bar is novel in that the Lorain News had only two paid subscribers, neither of whom resided within the state of Ohio. Until September 16, 1937, it was known as the "Lorain Shopper" and was then given away as advertising matter. Under its present name of Lorain News it is a weekly give-away compilation of advertising, arranged to resemble a newspaper and carrying some news items. The evidence indicates that its change of name was planned with reference to securing legal advertising. It has no reporters, news facilities or editorial office. Its nominal editor is in the advertising business.

In State ex Stevens v Lorain Democrat, 22 Ohio Decisions 267 (Lorain Common Pleas, April 22, 1911), Judge Doyle wrote a learned opinion involving the circulation of a newspaper. The first syllabus of that case reads, in part, as follows:

"'General' used in connection with the circulation of a newspaper, refers to the character of a paper and the purpose of its publication, whether designed to represent some special interest, business, trade, society, religion, organization, or for the circulation of passing events, local and general news and items of common interest."

A search of the authorities discloses no case in which a hand-out and give-away sheet has been deemed a newspaper of general circulation. If the Lorain News were now so accepted by this court, then the City of Lorain might be burdened with the additional expense of having all its ordinances printed therein.

However, the chief concern of the court is for the defendant, whose land is being sold. His interests require that the sale be given wide publicity so that buyers may attend it. Perhaps this is the reason why the Legislature enacted §§11668 and 11681 GC, giving the court the right to designate the newspaper in which the sheriff shall advertise the sale of chattel or real estate.

Because the Lorain News is not a newspaper of general circulation, the plaintiff's motion to confirm the sale is overruled.