**MIGLIOZZI et, Plaintiffs, v. GIRARD (City) et, Defendants**

Common Pleas Court, Trumbull County.

No. 63078.   Decided April 1, 1954.

249

Clarence H. Klinger and Joseph A. Luarde, Warren, on behalf of plaintiffs.

Reed S. Battin, Warren, City Solicitor of Girard, on behalf of defendants.

## OPINION

By BIRRELL, J.

The only question presented to the Court in this case is the claim of the Plaintiffs that the meeting of June 29th, 1953 was not a properly called meeting and that therefore the action of the Council in passing Ordinance No. 2176 for the issuance of one million dollar mortgage revenue bonds of the City of Girard, Ohio was not properly passed upon by the City Council, and is, therefore, not in force nor effect. No question is raised regarding the content of the Ordinance nor is there any claim that the persons who attended the meeting were not the duly elected, qualified and acting officers of the City of Girard, nor is there any dispute that these officers did meet together, and that six of the Councilmen, were present, together with the President of Council and the Mayor and others, and that upon proper motions five of the six voted both to take the Ordinance from the table, to give it its third reading, and to pass the Ordinance at this meeting of June 29th.

In claiming that the meeting was irregular the Plaintiffs cite §4239 and §4273 GC, which were in force and effect at the time complained of, and which read as follows:

"Sec. 4239, GC. Regular meetings. The Council shall not be required to hold more than one regular meeting in each week, and the meetings may be held at such time and place as is prescribed by ordinance and shall, at all times, be open to the public. The mayor, or any three members may call special meetings upon at least twelve hours' notice to each member, served personally or left at his usual place of residence."

"Sec. 4273 GC. Acting Mayor. When the mayor is absent from the city, or is unable for any cause to perform his duties, the president of the Council shall be the acting mayor. While the president of the City Council is acting as Mayor, he shall not serve as president of Council."

The evidence in this case is that the City of Girard, after some extensive urging by the State of Ohio, had gone forward with legislation for the construction of a sewage disposal plant but at this time had not provided any money for its construction. The Ordinance No. 2176 providing for the issuance of Bonds to raise the money had been prepared and introduced into Council, and given its first reading at the regular meeting of May 25th, 1953. It was given its second reading at the regular meeting of June 8th, 1953, and would have been given its third reading at the regular meeting of June 22nd had not some of the citizens appeared and protested whereupon the Ordinance was laid on the table at this meeting. The City of Girard received notice from the Attorney General of Ohio that their permit to empty sewage into the Mahoning River would expire on July 1st unless further action was taken toward the construction of the sewage disposal plant. Councilman Fynes, chairman of the Sewer Committee believing that action should be taken upon the Bond Ordinance before the first of July in order to qualify the City for an extention of the Permit, called the members of his committee who decided that a special meeting should be called for Monday evening, June 29th. On Friday June 26th Councilman Fynes attempted to secure the mayor to call a special meeting, but found that the Mayor was out of town. (It appears that he was in Columbus). He then secured the Safety Director, Mr. Reese, to take him to Youngstown where Mr. Clinton, President of the Council was working, and where he explained the situation to Mr. Clinton. Mr. Clinton thereupon called the Clerk of Council, Mr. Morse, in Girard, and directed him to issue a written call for the meeting of June 29th. which written notice was served by the Police Department upon the members of Council.

The first objection of the Plaintiff is that the President of Council had no authority to call this special meeting. §4273 GC above mentioned states that "when the Mayor is absent from the City the President of Council shall be the Acting Mayor". Since Mayor Catone was in Columbus which is substantially one hundred and seventy miles from the City of Girard, and was absent from the City, this Statute appears to make the President of Council the Acting Mayor. It should be noticed that the Statute is positive, and uses the words "shall be." That the President of Council becomes vested with all the powers of the Mayor in the absence of the Mayor has been determined in the following cases:

State of Ohio v. Lauser, 111 Oh St 23 and Ambos v. Campbell, 40 Oh Ap 346.

The evidence given by Mr. Clinton at the hearing indicated that he did not know that the Mayor Catone was out of town, although the evidence of Mr. Fyne and Mr. Reese was positive that they had told him of the Mayor's absence. It would seem that Mr. Clinton would hardly have ventured to slap his Mayor in the face by issuing a call for the meeting had he not known that the Mayor was absent from the City. Consequently the presumption and the inference must be that the President of Council knew what he was doing.

Secondly it is claimed that the notice was entitled "Mr. Clinton, President of Council" instead of "Acting Mayor". If, as is indicated above, the

President of Council became the Acting Mayor by authority of the Statute, it makes no difference how Mr. Clinton entitled himself in the call for the meeting State v. Lauser supra. The call for the meeting was actually issued by the City Auditor and Clerk of Council upon the telephone call from Mr. Clinton Possibly Mr. Clinton failed to indicate to the Clerk exactly how he desired his authority to be mentioned in the call. Possibly the Clerk mis-interpreted the directions, if any were given in this respect. At all events the call was sent out in writing and the officers of the City met at the time and place mentioned and proceeded to transact the business. No question was raised about the authority of the meeting at that time.

In the third place the claim is made that the call for the special meeting indicated that a discussion only would be had, and that it gave no authority for the Council to read or pass the Ordinance at the special meeting. The call was in the following form:

"Request of Mr. Clinton, President of Council. There will be a special meeting of Council at the City Building at 8 P. M. Monday night, for the purpose of further discussion for action of the Sewage disposal bond."

It will be noticed that the meeting was called "for the purpose of further discussion for action of the sewage disposal bond." The words "for action" were included in the call Consequently the meeting must have been for both "discussion" and "action" The Court can hardly understand how the term "for action" could have crept into the notice unless the President of Council had authorized the call to be issued in these words.

There is nothing in the statutes indicating in what form the notice of a special meeting shall be given nor does this question appear to have been decided in any of our Courts. McQuillin Municipal Corporations, 3rd Ed. Vol 4 Sec. 13.13 p. 450 reads as follows with foot notes indicating cases giving authority for the text which follows:

"A notice is sufficiently definite which states the object of the meeting to be to see what sum of money the town will vote to raise for the support of schools, of the poor, repairing bridges and highways, for the payment of the just debts of the town, and for other legal purposes. Under a warrant * * * to see if the town will make an appropriation towards purchasing a fire engine, the town may pass a vote to raise and appropriate a sum for that object. So, under a warrant to see if the town will determine to build a town house and raise and appropriate money for the same, a vote to build a town house will be valid. Likewise, a warrant convening a meeting. to ascertain if the town would vote to pay a number of town notes, which specifies each note and gives the name of the payee, amount and date, is sufficient."

The foregoing authority would indicate that the text of the President of Council's notice "for the purpose of further discussion. for action of the sewage disposal bond" should have been sufficient to notify the members of Council that action might be taken at this special meeting.

The fourth objection is that the notice as above set forth did not indicate on which Monday night the meeting would be held. Inasmuch as all of the officers and members of Council, with the exception of one, appeared to understand the notice. and appeared at the meeting, and took part in the meeting without objection, the Court could not give much credit to this objection.

252

Lastly it is objected that the final sentence of §4273 **GC** above invalidates the action of the President of Council who presided at the meeting of June 29th. The evidence is that Mayor Catone was present in the City of Girard, and at this Council meeting. Consequently Mr. Clinton, President of Council was not acting as Mayor at that time. There was, therefore, nothing to prevent him, at that time, serving as President of Council.

In addition to the matters heretofore set forth the reviewing Courts of the State of Ohio have held that where a quorum of a legislative public body comes together and transacts business, even without notices to absent members, such transaction may be valid. §4238 **GC** specifically provides "Council shall determine its own rules and keep a Journal of its proceedings" There is no showing in this case that any rules of the City of Girard Council were violated in convening the meeting, or the actions of the Girard City Council, on June 29th, and for aught that appears, the action of the meeting on June 29th was approved at the following regular meeting. **Article 18, §3 of the Constitution of Ohio** defining the powers of Municipalities states "Municipalities shall have authority to exercise all powers of local self government * * * *". The issuance of bonds for the construction of the sewage disposal plant was a matter of local self government, and as long as the proceedings were in accordance with the general laws governing the method of approving such Ordinance there appears no reason why a quorum of the Council and the officers of the City should not come together by agreement to adopt legislation for the benefit of the Municipality That the Courts approve such action is shown by the following cases:

State Ex Rel v. Bowers, 4 C. C. N. S, 345: Affirmed by Supreme Court 2/16/1904; Young v. Rushsylvania, 8 C C. 75; **Ohio Ex. Rel v. Trustees, 20 Oh St 288; Cupp v. Commissioners, 19 Oh St 173; State Ex Rel v. Higham, 35 Oh Ap 243.**

The Court is therefore of the Opinion that the objections of Plaintiff are insufficient and that the officers and members of Council of the City of Girard had the authority to pass such Ordinance at the meeting of June 29th, 1953, and a Journal may be so drawn. If appeal is desired, bond is fixed at $300.00.