ROSEMAN ET AL., APPELLANTS, *v.* VILLAGE OF REMINDERVILLE ET AL., APPELLEES.

(No. 11264—Decided
February 16, 1984.)

*Mr. Lawrence J. Rich,* for appellants.

*Mr. Leland D. Cole,* for appellees.

GEORGE, J. On May 4 and 5, 1982, Kathleen Roseman, elected clerk-treasurer, and Richard Garcher, elected councilman, appellants herein, received notices of charges against them and the commencement of proceedings to remove them from their positions with the village of Reminderville. The notice stated that each was no longer an elector and must forfeit the village position. In addition, the charges stated Garcher and Roseman had unlawfully removed a refrigerator which belonged to Lori Rocco. A hearing before the village council was held on May 11, 1982, and council voted to remove both Roseman and Garcher. A written journal entry evidencing the removal was filed on the same date.

A notice of appeal was filed with the Summit County Court of Common Pleas on May 18, 1982. The trial court found that Roseman and Garcher did not file a notice of appeal with the village council. In addition, the trial court affirmed the action of the village council.

Assignments of Error

"I. The trial court erred in not finding that the plaintiff-appellants were electors of the Village and thus should not have been removed from office for failure to reside in Reminderville.

"II. The trial court erred in not ruling that the Village Council erred in failing to grant a continuance of the hearing date.

"III. The trial court erred in not ruling that the Village Council erred in allowing two (2) members of council to testify as witnesses and also act as judges.

"IV. The trial court erred in not ruling that Ohio Revised Code Section 733.36 is unclear and thus unenforceable, and an acting Mayor cannot bring charges.

"V. The trial court erred in not ruling that Councilman Roseman and his personal attorney, Cole, who was also the law director should not have participated in the removal proceedings.

"VI. The trial court erred in not ruling that the decision of the council was against the weight of the evidence.

"VII. The trial court erred in ruling that the plaintiff-appellants failed to properly perfect their appeal.

"VIII. The trial court erred in failing to issue findings of fact and conclusions of law.

"IX. The trial court erred in ruling that the plaintiffs had not perfected their appeal and then attempting to rule on the merits of the case."

The court shall address assignments of error seven and nine first since they concern the jurisdictional aspects of the appeal. R.C. 2505.04 provides:

"An appeal is perfected when written notice of appeal is filed with the

lower court, tribunal, officer, or commission. Where leave to appeal must be first obtained, notice of appeal shall also be filed in the appellate court. * * *"

It is well-settled that the filing of a notice of appeal under R.C. 2505.04 is jurisdictional and that the failure to properly perfect an appeal may not be waived. *Richards* v. *Indus. Comm.* (1955), 163 Ohio St. 439 [56 O.O. 383].

Once the jurisdiction was questioned, the trial court was required to examine the record and such other evidence necessary to make a proper determination as to whether the action had been properly commenced. The village, as the moving party, had the burden of demonstrating the deficiency which would divest the trial court of jurisdiction over the appeal. The village alleged that it did not receive a notice of appeal and the jurisdiction of court was not properly invoked. Roseman and Garcher maintained that the notice of appeal was sent to the village clerk by certified mail. The return receipt bearing the signature of the new village clerk, Carol Toth, was proffered to the trial court but only as an exhibit attached to the appellants' motion for reconsideration.

The village did not submit any evidence in support of its claim regarding lack of jurisdiction, such as the transcript of the village docket, journal entries or affidavits. However, the filing of the transcript and the record with the trial court creates a presumption that the notice of appeal was filed. *Dudukovich* v. *Housing Authority* (1979), 58 Ohio St. 2d 202, 205 at fn. 3 [12 O.O.3d 198]. Thus, the village has failed to sustain its burden by overcoming this presumption. Accordingly, assignment of error seven is sustained. The finding of the trial court that the appeal was not properly perfected is reversed.

Assignment of error nine is moot, and, therefore, overruled.

## I

The village council alleged that Garcher and Roseman were no longer residents of the village and must forfeit their respective offices. R.C. 731.12 provides, in part:

"Each member of the legislative authority of a village shall have resided in the village one year next preceding his election, and shall be an elector of the village. * * *Any member who ceases to possess any of such qualifications or who removes from the village shall forfeit his office."

Roseman and Garcher were each experiencing marital difficulties which resulted in their leaving their respective homes in Reminderville. Each chose to occupy dwellings outside the village which gave rise to the allegations that they were no longer electors of Reminderville. The appellants maintain their present living accommodations are only temporary and their permanent residences still lie within the village.

The village council found that each sought to maintain a residence outside the village and that such residences were not temporary. The trial court found this conclusion was supported by reliable and probative evidence. This court can find no error in the proceedings which would warrant a reversal of the trial court's conclusion.

The evidence indicates that Garcher left his home in November 1981. Roseman had left her home in October 1981. At the time of the council hearing both had been living outside the village for more than six months. There was no indication that either had attempted to resume their residences in Reminderville. Accordingly, this court finds the first assignment of error is not well-taken and is overruled.

## II

R.C. 733.36 provides:

"Charges filed with the legislative authority under section 733.35 of the

Revised Code, shall be heard at the next regular meeting thereof, unless the legislative authority extends the time for the hearing, which shall be done only on the application of the accused. The accused may appear in person and by counsel, examine all witnesses, and answer all charges against him. The judgment or action of the legislative authority shall be final, but to remove such officer the votes of two thirds of all members elected thereto shall be required."

The plain language of the statute gives the village legislative body the discretion to grant a continuance of the hearing. In the present case, Roseman and Garcher requested a continuance on the evening of the meeting. The request was considered by the entire council and was denied.

The appellants allege the failure to grant the continuance resulted in an unpreparedness to defend against the charges which were lodged. This court finds that the appellants have failed to demonstrate any prejudice which resulted from the denial of the continuance. The appellants do not assert that they had a viable defense and were unable to properly present it due to the lack of time to prepare. This court finds no abuse of discretion on the part of the council in denying the request for a continuance. The second assignment of error is overruled.

## III

R.C. 733.36 provides that an officer shall be removed only upon a two-thirds vote of all of the members of council. The record indicates that Councilmen Robert Roseman (husband to appellant Roseman) and Frank Shega were called as witnesses and were then permitted to vote on the removal petition. The resolution removing Roseman and Garcher was signed by all five members of the council voting, including Robert Roseman and Shega.

This court finds the General Assembly did not intend the village hearing to be governed by the strict Rules of Evidence, but that the hearing must merely afford the accused the opportunity to hear the charges against him and defend against those accusations. This opportunity was afforded Roseman and Garcher. They allege that Robert Roseman and Shega should have been found incompetent to testify at the hearing since they also voted on the resolution.

In a review of council's proceedings, the trial court must determine whether there was substantial, reliable, and probative evidence to support the village's conclusions. In other words, was there credible evidence upon which the council could base its decision? The participation of Robert Roseman and Shega in the vote did not alter the credibility of the evidence or the viability of the trial court's conclusion. This court can find no error in such a finding. Accordingly, the third assignment of error is overruled.

## IV

R.C. 733.35 provides, in part:

"The mayor of a municipal corporation shall have general supervision over each department and the officers provided for in Title VII of the Revised Code. When the mayor has reason to believe that the head of a department or such officer has been guilty, in the performance of his official duty, of bribery, misfeasance, malfeasance, nonfeasance, misconduct in office, gross neglect of duty, gross immorality, or habitual drunkenness, he shall immediately file with the legislative authority, except when the removal of such head of department or officer is otherwise provided for, written charges against such person, setting forth in detail a statement of such alleged guilt, and, at the same time, or as soon thereafter as possible, serve a true copy of such

charges upon the person against whom they are made.* * *"

In the instant case charges were filed with the village council by acting mayor, Thomas Schmida. Appellants Roseman and Garcher contend that R.C. 733.35 does not give the acting mayor the authority to file charges against a council member. This court disagrees. It is well-settled that in the absence of the mayor, or in the event of disability, the acting mayor is vested with all powers of the mayor. See *State v. Lanser* (1924), 111 Ohio St. 23, paragraph one of the syllabus; *Ambos v. Campbell* (1931), 40 Ohio App. 346; and *Migliozzi v. Girard* (C.P. 1954), 70 Ohio Law Abs. 248 [57 O.O. 328]. There is no dispute that Schmida was appropriately the acting mayor of the village. As such he was vested with all powers of mayor and could properly commence removal proceedings pursuant to R.C. 733.35 and 733.36. Accordingly, the fourth assignment of error is overruled.

V

The appellants maintain that attorney Leland D. Cole should have been disqualified from participating in the removal proceedings since he had been retained to represent Robert Roseman in the divorce action. Cole was employed by the village as legal counsel. Cole acted in his capacity as legal counsel through calling witnesses and eliciting testimony. Although his representation of both may have given rise to the appearance of a conflict, he did not act in a manner which would be inconsistent with representing one to the exclusion or benefit of the other.

The village council and the trial court found that Cole's representation of Robert Roseman during divorce proceedings and his role as legal counsel for the village did not present a conflict of interest. The appellants have failed to demonstrate any prejudice which resulted from Cole's actions as legal counsel for the village. Accordingly, assignment of error five is overruled.

VI

R.C. 2506.04 provides:

"The court may find that the order, adjudication or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication or decision, or remand the cause to the officer or body appealed from with instructions to enter an order consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law pursuant to sections 2505.01 to 2505.45, inclusive, of the Revised Code."

Upon a review of the record before the trial court, this court finds there was substantial, probative, credible evidence upon which the council could base its decision. See *Cincinnati Bell v. Glendale* (1975), 42 Ohio St. 2d 368 [71 O.O.2d 331]. The record indicates that both appellants Roseman and Garcher had departed from their respective residences, were living outside the village and had maintained those outside residences for more than six months. There was also credible evidence to support the charge that appellants unlawfully removed a refrigerator from an office. Accordingly, assignment of error six is overruled.

VII

Civ. R. 52 provides, in part:

"*When questions of fact are tried by the court* without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than seven days after the party

filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law. * * *'' (Emphasis added.)

The present action was an appeal to the trial court taken pursuant to R.C. Chapter 2506 and it did not present a situation where "questions of fact are tried by the court." Under the standard prescribed by R.C. 2506.04, the trial court was limited to a determination of whether council's action was "unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The trial court was not permitted to make factual determinations under such a review. When no factual determinations are made, Civ. R. 52 is not applicable. The trial court's failure to make separate findings of fact and conclusions of law was not error. Accordingly, the eighth assignment of error is overruled.

The judgment of the trial court is reversed in part and affirmed in part. That portion of the judgment holding that the appeal was not properly perfected is reversed and that portion of the judgment upholding the removal of the appellants is affirmed.

*Judgment reversed in part and affirmed in part.*

QUILLIN, P.J., and BAIRD, J., concur.