985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. STILLINGS, Plaintiff-Appellant,
v.
FRANKLIN TOWNSHIP BOARD OF TRUSTEES; Virginia L. Spahr;
James R. Russell; Robert Lockhart; and Ronald E.
Fuchs, Defendants-Appellees.
 No. 92-3054.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1993.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff James L. Stillings, a former police officer, challenges the constitutionality of his firing by defendants Franklin Township Board of Trustees in this action under 42 U.S.C. § 1983. Stillings maintains that defendants, in terminating him, violated both procedural and substantive due process provisions of the Fourteenth Amendment. The district court disagreed with Stillings and granted summary judgment to defendants. For the reasons that follow, the district court's judgment will be AFFIRMED.
 
 I. Background
 
 2
 On October 29, 1990, Stillings, acting in his capacity as a police officer, properly stopped a vehicle driven by Dawn Abrams. Though Abrams and her passenger could not produce valid driver's licenses or other identification, and though the car apparently belonged to someone else, Stillings did not cite Abrams. On November 8, 1990, Stillings encountered Abrams in a disabled vehicle. Though Abrams again had no identification, Stillings departed without incident. Later that same day, Stillings learned through police radio that a county sheriff was transporting Abrams to get gasoline for her vehicle. Upon hearing this, Stillings, without solicitation, obtained permission to leave his jurisdiction and go to the scene. At the scene, Stillings placed Abrams in the back of his cruiser and questioned her about her identity. Before releasing Abrams, Stillings cited her for driving without an operator's license on October 29.
 
 
 3
 Abrams complained about these incidents, leading ultimately to defendants' termination of Stillings. On January 2, 1991, following a hearing, the Franklin Township Board of Trustees found Stillings guilty of misfeasance, nonfeasance, failure to obey orders, neglect of duty, incompetence, and misconduct in office.[1] These charges rested specifically on Stillings's: unjustified failure to cite Abrams on October 29; issuance of a ticket outside the Township, over orders; obtaining permission to leave the jurisdiction without an exigent reason; improper interrogation; and interference with another police department. Following deliberations, which included consideration of Stillings's past conduct, the Board voted to dismiss Stillings from his employment as a police officer for the Township.
 
 
 4
 According to Stillings,[2] defendants violated his constitutional rights in two ways. First, Stillings claims that defendants deprived him of a property interest (his employment) without procedural due process. The specific complaint rests on defendants' alleged: failure to explain the evidence against Stillings; failure to file charges against Stillings immediately; admission of evidence of past disciplinary actions against Stillings; and partiality in determining Stillings's case. Second, Stillings claims that defendants violated his substantive due process rights by terminating him through an arbitrary exercise of government power.
 
 II. Discussion
 
 5
 Ohio law conferred on Stillings a protected property interest in his employment.[3] However, having such an interest satisfies only the first requisite to stating a procedural due process claim. Stillings cannot satisfy the second--showing a denial of adequate procedures--because he received all of the process due him under the law. According to Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542 (1985), the constitutional minima for a pretermination hearing are few. To protect the governmental interest in removing unsatisfactory employees, procedural due process requires only "oral or written notice of the charges [providing a basis for termination], ... an explanation of the employer's evidence, and an opportunity to present his [the employee's] side of the story." Id. at 546. Defendants complied with Loudermill.
 
 
 6
 Defendants provided Stillings with notice of the charges against him. On December 7, 1990,[4] Stillings received a thorough written summary of the specific charges. The document served also indicated that Stillings's past disciplinary problems would be relevant to the proceedings as showing a course of conduct.
 
 
 7
 Though Stillings may not have had access to all of the evidence to be used at the hearing, defendants clearly apprised him of the relevant facts at issue. The specification of charges painstakingly detailed the events supporting the action. This suffices as an "explanation of the employer's evidence," under Loudermill.
 
 
 8
 Finally, and perhaps most importantly, it is clear that Stillings had and took the opportunity to defend himself aggressively. At the hearing, his counsel cross-examined adverse witnesses. Stillings presented testimony to refute the charges and presented a summary defense brief to defendants. All of these activities show that Stillings received a complete chance to defend himself, per Loudermill 's requirements. Thus, defendants complied with Loudermill in terminating Stillings.[5]
 
 
 9
 The other claim presented, that defendants denied Stillings substantive due process, requires little discussion. Stillings asserts that his firing represents an arbitrary exercise of government power. However, to present such a theory, Stillings must first be able to show that the Fourteenth Amendment's substantive due process values apply to the interest he lost. This he cannot do. In Sutton v. Cleveland Board of Education, 958 F.2d 1339 (6th Cir.1992), this court rejected the notion that substantive due process protections extend to statute-based employment interests:
 
 
 10
 Although Baesler [ Charles v. Baesler, 910 F.2d 1349 (6th Cir.1990) ] did not conclude that all state-created contract rights lack substantive due process protection, and specifically left unanswered the question whether substantive due process may protect a contract right to keep a tenured job, ... we are persuaded by the reasoning of Baesler that plaintiffs' statutory right to be discharged only for cause is not a fundamental interest protected by substantive due process.
 
 
 11
 Id. at 1351. In light of the strength of that decision, Stillings's substantive due process theory must be rejected.
 
 III. Conclusion
 
 12
 As the preceding discussion shows, defendants were entitled to judgment as a matter of law. Thus, the district court's judgment is AFFIRMED.
 
 
 
 [1]
 The Board exonerated Stillings on Abrams's charges of abusiveness during interrogation
 
 
 [2]
 At the time the district court rendered its summary judgment decision, several collateral proceedings had begun, including an unfair labor practice action, a union grievance, and an administrative appeal of defendants' termination decision
 
 
 [3]
 There apparently is no dispute over the existence of a property interest, conferred by statute and protected by the Fourteenth Amendment. Ohio law conditions termination of Township police officers receiving a certificate of satisfactory training completion. See Ohio Rev.Code § 505.49. Defendants do not dispute Stillings's entitlement to this protection
 
 
 [4]
 Notably, defendants initially scheduled the hearing for December 19, 1990, but moved the hearing to January 2, 1991, at the request of Stillings
 
 
 [5]
 Stillings offers other unavailing arguments. For example, he claims that Defendants were biased against him, rendering his termination hearing a sham. However, where, as in this situation, adequate post-termination procedures exist to redress a decision tainted with prejudice, due process does not require an impartial decisionmaker at the pre-termination hearing. See Duchesne v. Williams, 849 F.2d 1004, 1008 (6th Cir.1988) (en banc), cert. denied, 489 U.S. 1081 (1989)
 Stillings also argues that admission of evidence of past disciplinary proceedings was improper as violative of Ohio evidence law. Though the legal merits of his position appear weak given Roseman v. Reminderville, 14 Ohio App.3d 124, 127 (1984), Stillings does not suggest how or why admission of hearsay impacts the constitutional analysis of this § 1983 action.
 Finally, Stillings complains that the charges against him were not filed immediately, as is required by Ohio law. As with his evidentiary complaint, Stillings fails here to connect the Ohio requirement with the requirements of due process. Thus, the theory fails.