OPINION
Plaintiff-appellant, Loveland Park Baptist Church, appeals a decision by the Warren County Court of Common Pleas granting a motion to dismiss. For the reasons that follow, the decision is affirmed.
The board of zoning appeals of defendant-appellee, Deerfield Township ("Township"), denied appellant's application for a conditional use permit. On June 14, 1999, appellant appealed to the common pleas court and requested that the court's clerk serve a certified copy of the appeal upon the Township.
The Township filed a motion to dismiss, alleging that because appellant had failed to serve the board of zoning appeals with a notice of appeal, the appeal was not properly perfected and the common pleas court lacked jurisdiction over the controversy. In response to the motion to dismiss, appellant filed a memorandum stating that, in addition to the notice of appeal filed in the common pleas court, a copy of the notice of appeal was hand delivered to the Township's clerk. Appellant filed an affidavit by Care Hall, a paralegal for appellant's attorney, in which she attests that she personally delivered a notice of appeal to Deerfield Township at 3378 Townsley Drive on June 14, 1999.
The common pleas court conducted a hearing on the motion to dismiss. The court subsequently granted the Township's motion, concluding that the appeal had not been filed with the board of zoning appeals as required by R.C. 2505.04. Appellant appeals, raising one assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR, TO THE PREJUDICE OF THE APPELLANT, IN FINDING THAT APPELLANT HAD FAILED TO PROVE THAT THE NOTICE OF APPEAL HEREIN WAS "FILED" WITH THE BOARD OF ZONING APPEALS AS REQUIRED BY SECTION 2505.04 OF THE OHIO REVISED CODE AND IN GRANTING APPELLEE'S MOTION TO DISMISS.
In its assignment of error, appellant argues that the common pleas court erred by granting the motion to dismiss.
Pursuant to R.C. 2506.01, decision of boards or divisions of a political subdivision of the state of Ohio can be reviewed by the court of common pleas of the county in which the political subdivision is located. Guysinger v. Chillicothe Bd. of Zoning Appeals (1990),66 Ohio App.3d 353, 356. "An appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." R.C. 2505.04. "[I]n order to perfect an appeal from a board of zoning appeals to the court of common pleas for the county in which such board of zoning appeals is located, a notice of appeal must be filed with the zoning board itself." Guysinger at 356. This filing is "essential in order to vest the court of common pleas with jurisdiction over the appeal." Id. at 357, citing Richards v. Indus. Comm. (1955), 163 Ohio St. 439, 445. Once the jurisdiction of a common pleas court is challenged, the moving party has the burden of demonstrating the deficiency that would divest the common pleas court of jurisdiction over the appeal. Roseman v. Villageof Reminderville (1984), 14 Ohio App.3d 124, 126.
At the hearing on the motion to dismiss, Hall testified that she is an employee of appellant's attorney and that on June 14 she personally delivered a notice of appeal to the Township building. Hall testified that she handed the notice of appeal to a middle-aged gentleman with dark colored hair who was dressed in a suit. Hall described him as a man of medium build and medium height. She testified, "I walked into the building, and I told him that I was there to file * * * an appeal for the zoning commission. And [I asked] what would I do with it? And he said, well, you can just give it to me. And I handed it to him." Hall testified that she did not request a receipt or time-stamped copy.
Deanna E. Mengle, a clerk's assistant at the Township, was also a witness at the hearing. She testified that she works at the Township office, which is located at 3378 Townsley Drive. Mengle testified that the Township's office is separate from the zoning office, although they are located in the same building. Mengle testified that her office does not accept applications for conditional use, variances, or other zoning matters. Mengle explained that a person who intended to file a document with the board of zoning appeals would do this at the zoning department.
The Township's witnesses also included Greg Porta, a zoning inspector for the Township who has custody of the Township's zoning records and is authorized by the board of zoning appeals to receive filings on its behalf. He testified that he did not receive a notice of appeal from appellant on June 14. Porta testified that he learned about appellant's appeal when he received a copy sent to him by the prosecutor's office.
Porta testified that he works with the zoning administrator and a female receptionist in an office at 3378 Townsley Drive. Porta testified that the zoning administrator is a man with gray hair and of "very small" build. Porta testified that neither he nor the zoning administrator wear suits to work. Porta further testified that a person who intends to file something regarding the board of zoning appeals would be greeted by the receptionist in his office and would be immediately introduced to Porta or the zoning administrator to discuss the case.
Appellant cites Warren-Oxford Ltd. Partnership v. Bd. of Commrs.,Warren County (Feb. 27, 1989), Warren App. No. CA88-08-059, unreported, certiorari denied, 44 Ohio St.3d 706, in support of its argument that its notice of appeal was properly filed with the board of zoning appeals. InWarren-Oxford, this court concluded, "where personal delivery of a notice of appeal is involved in determining whether it was `filed,' the focus of the filing inquiry should be upon when and where that notice of appeal was actually delivered and not upon claims that there is now no record of its receipt." Id. at 5. In that case, this court reversed a finding that the appeal had not been timely filed. Id. at 6.
In Warren-Oxford, the common pleas court "accepted `without equivocation'" the assertion of appellant's attorney that he had left a notice of appeal at the appropriate office in a timely fashion.Warren-Oxford at 6. In this case, the common pleas court made no such finding. In Warren-Oxford, this court determined that "`filing' a paper or document means actually delivering it to the official charged with responsibility for receiving or taking control of it." Id. at 4. A review of the testimony in the case sub judice supports the conclusion that Hall failed to deliver the notice of appeal to the person or office that is authorized to accept filings for the board of zoning appeals.[1]
Appellant contends that the common pleas court erred by charging appellant with the burden of proof to demonstrate that the trial court properly had jurisdiction over this case. In support of its argument, appellant cites Roseman, 14 Ohio App.3d 124 . In Roseman, a notice of appeal was filed by Roseman with the common pleas court after she received notice of her discharge as clerk-treasurer. Roseman at 125. The village asserted that it did not receive a notice of appeal, whereas Roseman insisted that the notice of appeal had been sent to the village clerk by certified mail. Id. at 126. Roseman proffered as an exhibit the return receipt, which was signed by the village clerk. Id. The village failed to submit any evidence in support of its claim, such as transcripts of the village docket, journal entries, or affidavits. Id. The court of appeals noted that "the filing of the transcript and the record with the trial court creates a presumption that the notice of appeal was filed."Id., citing Dudukovich v. Housing Authority (1979), 58 Ohio St.2d 202,205 at fn. 3. The court of appeals held that the village had failed to meet its burden by overcoming the presumption that the notice of appeal was filed. Id.
In this case, the Township met the burden of proof required by Roseman
by presenting evidence to demonstrate that appellant had failed to serve the board of zoning appeals with a notice of appeal. Where the decision in a case turns upon the credibility of testimony, and where there exists competent and credible evidence supporting the findings and conclusion of the trial court, a reviewing court must defer to such findings and conclusion. Myers v. Garson (1993), 66 Ohio St.3d 610, 614-615, citingSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. We agree with the common pleas court's conclusion that appellant failed to file a notice of appeal with the board of zoning appeals as required by R.C.2505.04. The common pleas court correctly determined that it did not have jurisdiction over this controversy and properly granted the motion to dismiss. The assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] See, also, Patrick Media Group, Inc. v. Cleveland Bd. of ZoningAppeals (1988), 55 Ohio App.3d 124 (finding that because "the statute [R.C. 2505.04] requires an appellant to file the notice of appeal with the board itself" the court of common pleas had no jurisdiction to entertain the appeal where the notice of appeal was filed with the city's law director, who generally represented the board of zoning appeals, instead of the board of zoning appeals); Guy v. City of Steubenville, 1998 WL 13866, (Jan. 15, 1998), Jefferson App. No. 97-JE-22, unreported, certiorari denied (1998), 81 Ohio St.3d 1522 (holding that where the notice of appeal was mistakenly filed with the city's law director instead of the Steubenville Civil Service Commission appellant failed to timely perfect his appeal, despite the fact that the city law director and the civil service commission shared a secretary and the same address).