OPINION *Page 2 
{¶ 1} Appellant Pataskala Banking Company ("the Bank") appeals the August 20, 2007 Judgment Entry entered by the Licking County Court of Common Pleas, which affirmed the decisions of Appellee Etna Township Board of Zoning Appeals ("the BZA").
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 26, 2005, the Bank purchased a parcel of land located on State Route 310, north of Trail East Road and north of an open space reserve in the Cumberland Trail Subdivision ("the Open Space"). The Bank applied for and obtained a zoning permit from the Etna Township Zoning Inspector ("the Inspector") to construct a bank building on that property. The Open Space, which was owned by a third party, separated the Bank's property from Trail East Road.
 {¶ 3} The Bank submitted its plans to the Licking County Planning Commission ("the Commission") for major development approval. The project plans showed two private drives from the Bank's parcel onto State Route 310. Because, the access shown on the plan was not in accordance with the Commission's access management regulations, the Commission requested the Bank submit an alternative plan. Specifically, the Bank was to submit a variance request to the Commission, which it did on March 13, 2006. The Bank did not apply for a zoning permit from the Inspector with respect to the changes. The Commission sent notice of the requested variance to property owners and to Etna Township. The Commission granted the requested variance and sent a letter to the Bank evidencing the same, and copies of the letter to the Etna Township Fiscal Officer and the Inspector. *Page 3 
 {¶ 4} As the Bank had indicated it would do in the variance application, the Bank obtained title to the Open Space on July 26, 2006. The Commission approved the Bank's development plan and issued a major development permit on September 6, 2006. Thereafter, the Bank commenced construction. On September 21, 2006, the Inspector issued a stop work order, indicating the private drive being constructed on the Open Space was a violation of Article 13 of the Etna Township Zoning Regulations. The Inspector issued the stop work order based upon his conclusion the Open Space was "open space" as defined by the Etna Township Zoning Resolutions, and upon recommendation of the Etna Township Trustees. The Inspector subsequently issued a Notice of Violation, indicating the Bank's zoning permit did not allow the construction of a private drive across the Open Space.
 {¶ 5} The Bank appealed the Inspector's determinations to the BZA. Alternatively, the Bank submitted an application for a variance. The BZA conducted a hearing on October 24, 2006, after which it denied the Bank's appeals on the stop work order and Notice of Violation, and denied the Bank's variance request. The Bank filed three appeals in the Licking County Court of Common Pleas. The trial court consolidated the appeals and granted the Bank's request to supplement the record on appeal. Via Entry filed April 4, 2007, the trial court accepted five documents as additional evidence. The parties briefed their respective positions. Via Judgment Entry filed August 20, 2007, the trial court affirmed the decisions of the BZA, finding the BZA did not act arbitrarily, capriciously, unreasonably, or unconstitutionally. The Bank filed a timely request for Findings of Fact and Conclusions of Law. The trial court did not *Page 4 
render a decision relative to that request. The Bank filed a Notice of Appeal with this Court on September 18, 2007.
 {¶ 6} It is from the August 20, 2007 Judgment Entry the Bank appeals, raising the following assignments of error:
 {¶ 7} "I. THE LOWER COURT ERRED WHEN IT FAILED TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO RULE OF CIVIL PROCEDURE 52.
 {¶ 8} "II. THE LOWER COURT ERRED WHEN IT FAILED TO FIND APPELLEES' DETERMINATIONS WERE BARRED BY ADMINISTRATIVE RES JUDICATA.
 {¶ 9} "III. THE LOWER COURT ERRED IN FINDING THAT THE ETNA TOWNSHIP BOARD OF ZONING APPEALS DID NOT ACT ARBITRARILY, CAPRICIOUSLY, OR UNREASONABLY.
 {¶ 10} "IV. THE LOWER COURT ERRED IN FINDING THAT THE ETNA TOWNSHIP BOARD OF ZONING APPEALS DID NOT ACT UNCONSTITUTIONALLY."
 STANDARD OF REVIEW {¶ 11} R.C. 2506.04, which sets forth the applicable standard of review for a court of common pleas, provides as follows:
 {¶ 12} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with *Page 5 
instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
 {¶ 13} In Henley v. Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142,147, 735 N.E.2d 433, the Ohio Supreme Court stated: "[W]e have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. (Citation omitted)."
 {¶ 14} This Court's standard of review in an R.C. 2506.04 appeal is "more limited in scope." Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34,465 N.E.2d 848. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court. Within the ambit of `questions of law' for appellate court review would be abuse of discretion by the common pleas court." Id. at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial *Page 6 
court absent the approved criteria for doing so." Lorain City SchoolDist. Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257,261, 533 N.E.2d 264.
 I {¶ 15} In its first assignment of error, the Bank maintains the trial court erred in failing to issue Findings of Fact and Conclusions of Law pursuant to Civ. R. 52.
 {¶ 16} Civ. R. 52 provides, in part:
 {¶ 17} "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law. * * *" (Emphasis added.)
 {¶ 18} The BZA contends a trial court is not required to issue findings of fact and conclusions of law pursuant to Civ. R. 52 in an R.C. Chapter 2506 appeal. We believe the application of Civ. R. 52 to administrative appeals depends on the role assumed by the trial court. Accord: Jandecka v. Petre (Oct. 27, 1983), Cuyahoga App. No. 46623, unreported.
 {¶ 19} Pursuant to the standard prescribed by R.C. 2506.04, a trial court may base its decision on purely legal conclusions, or it may make new factual findings from new evidence or the administrative record.Cincinnati Bell, Inc. v. Village of Glendale (1975), 42 Ohio St. 2d 368. If the trial court simply reviews the administrative record, *Page 7 
without taking additional evidence, and bases its decision on legal conclusions, Civ. R. 52 is not applicable. However, if the court takes new evidence or makes new findings from the administrative record, it must state its findings when properly requested to do so.
 {¶ 20} In support of its position the trial court was not required to issue findings of fact and conclusions of law, the BZA cites Roseman v.Village of Reminderville (1984), 14 Ohio App. 3d 124. Although inRoseman the Ninth District Court of Appeals determined the trial court was not required to issue findings of fact, the Court noted the action before it "did not present a situation where `questions of fact are tried by the court'." Id. at 129. The Roseman Court explained, "[u]nder the standard prescribed by R.C. 2506.04, the trial court was limited to a determination of whether council's action was `unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record' [therefore,] [t]he trial court was not permitted to make factual determinations under such a review." Id.
 {¶ 21} Contrary to the BZA's position, we find Roseman does not stand for the proposition Civ. R. 52 is not applicable in appeals to the trial court taken pursuant to R.C. Chapter 2506. The trial court inRoseman did not take additional evidence. As such, the trial court was not called upon to act in its capacity as a trier of fact. In the case sub judice, the trial court accepted new documentary evidence; therefore, was called upon to act as a trier of fact. Accordingly, we find the trial court was required to state its findings as the Bank properly requested it to do so.
 {¶ 22} Appellant's first assignment of error is sustained. *Page 8 
 II, III, and IV {¶ 23} In light of our disposition of Appellant's first assignment of error, we find review of these assignments of error premature.
 {¶ 24} The judgment of the Licking County Court of Common Pleas is reversed and the matter remanded to that court for further proceeding in accordance with this opinion and the law.
 Hoffman, P.J. Gwin, J. and Edwards, J. concur *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is reversed and this matter is remanded to that court for further proceedings in accordance with our Opinion and the law. Costs assessed to Appellee. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is reversed and this matter is remanded to that court for further proceedings in accordance with our Opinion and the law. Costs assessed to Appellee. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is reversed and this matter is remanded to that court for further proceedings in accordance with our Opinion and the law. Costs assessed to Appellee. *Page 1