IN RE APPEAL OF McDONALD.*

(No. 352—Decided January 11, 1963.)

*Messrs. Thrasher, Dinsmore & Dolan*, for appellant Louis G. McDonald.

*Messrs. Henry & Hofstetter*, for appellee Chester Township Trustees.

BROWN, P. J.  Appellant purchased four acres of ground in Chester Township, Geauga County, Ohio, in 1959.  Subsequently, appellant applied for an authorization of a variance from the terms of the zoning resolution, which variance was refused by

*Motion to certify the record overruled (38134), June 19, 1963,

the Board of Zoning Appeals. Upon appeal, the Court of Common Pleas hearing the matter *de novo* concluded that the action of the Board of Zoning Appeals in refusing the variance was not arbitrary or erroneous, and constituted a reasonable exercise of the board's discretion.

The subject property lay in a residence zone. The variance sought was for a commercial use. It has been clearly held in *Mentor Lagoons, Inc.*, v. *Zoning Board of Appeals of Mentor Township*, 168 Ohio St., 113, that the refusal of the Board of Zoning Appeals to grant a variance is reviewable on the question of the reasonableness of the decision. This review is of vast importance in the general scheme of zoning, since without it a property owner is without remedy in instances involving changing conditions which result in a continuation of a zoning restriction which is no longer in the public interest as to the proposed use of the specific property. This review for this purpose is specifically authorized by Section 519.14 (B), Revised Code.

Zoning from its inception was recognized as a deprivation of individual property rights, valid only if such impairment of the full use of the property by the owner was justified by a law enacted pursuant to the police power and reasonably necessary for the preservation of the public health, safety and morals. *Pritz* v. *Messer*, 112 Ohio St., 628.

Thereafter, a comprehensive plan of zoning was held to validate a restrictive zoning law, and a long line of cases, cited and followed by the trial court in its opinion, held that this aspect of zoning was a legislative function and not subject to judicial review, if debatable. *Shopping Centers of Greater Cincinnati, Inc.*, v. *City of Cincinnati*, 83 Ohio Law Abs., 548 and 552. It has been repeatedly held that there is a presumption that such legislation bears a direct relationship to the public welfare so as to require the property owner to show by a preponderance of the evidence that the classification causes serious damage and is not a necessary or reasonable exercise of the police power.

Recognizing that the original plan is valid as an exercise of legislative discretion unless arbitrary, and applying the original presumption that this discretion when exercised was in the pub-

lic interest, we must observe that the public's interest in the use of various parcels or lots of property will change from time to time so that a comprehensive plan originally well designed on occasion becomes archaic and obsolete.

When this is so, the continuance of an obsolete plan is not in the public interest and the restrictions upon the individual's use of his property, originally valid, become an invalid and unconstitutional taking. Comprehensive rezoning is as difficult to actuate as is comprehensive zoning. There is a lethargy connected with rezoning that has an additional political significance. If an individual property owner is aggrieved by this lethargy in the presence of change, he can not demand a renovation of the zoning law by proving its rapid obsolescence. He can, however, request relief as to his parcel under Section 519.14, Revised Code, after submitting evidence that special conditions are present at the time of the application so that the intended use is not contrary to the public interest. When he does so, the township Board of Zoning Appeals acting in a judicial, rather than a legislative, capacity must review the situation, re-examine the connection between the zoning restriction and the public welfare and decide whether the variance will be permitted. This decision is then reviewable by the appeal under Sections 2506.01 and 2506.04, Revised Code, on the ground of reasonableness alone.

The appellant, throughout the trial in the Common Pleas Court, carefully introduced evidence showing the special circumstances which existed in the area where the variance was requested. Among these special circumstances were the following:

1. It was shown that an area immediately adjacent to the subject property had been rezoned for commercial use.

2. It was shown that the state highway number 322 upon which the subject property was located had become an increasingly heavily travelled state thoroughfare so that it was at the time of the application one of the most heavily travelled highways in the township.

3. It was shown that there existed a large installation immediately across the state highway from the subject property, which was known as the Cleveland Illuminating Company's switching plant, and high wire lines; and this installation was

so described in the record that it becomes apparent that the presence of this installation is a special circumstance reflecting adversely upon the usefulness of the subject property for the residential purpose for which it is presently zoned.

4. The evidence clearly demonstrated that at a point 300 feet west of the subject property there existed at the time of the application certain installations of the gas company which were in process of being connected with a permanent gas reducing station by that company.

After this evidence, expert testimony was introduced to show that the foregoing special circumstance created a hardship in that the subject property had substantially less value for a residence use than it would have had in the absence of these special circumstances.

It is at this point that a reviewing court in deciding whether the refusal of the variance is a reasonable exercise of the board's discretion must note that some evidence of a substantial nature directed to showing that the restriction on the property continues to be a necessary restriction still in the public interest should be found in the record. We have examined the record and found no such evidence.

It appears from the record that the refusal of the variance was sustained on the ground that the original imposition of the restriction was a legislative act presumptively valid as an exercise of the police power.

Under all the special circumstances existing at the time of this application for variance, all the evidence tends to show that the literal enforcement of the resolution will restrict the use of the property without a concomitant benefit to the public. Such restriction is an undue hardship, and the refusal of the variance is an unreasonable exercise of the board's discretion.

The judgment is reversed and the cause remanded to the Board of Zoning Appeals with instructions to authorize the variance.

*Judgment reversed.*

DONAHUE and BROWN (William), JJ., concur.

BROWN (William), J., of the Fourth Appellate District, sitting by designation in the Seventh Appellate District.