MOORE, APPELLANT, *v.* CITY OF CLEVELAND CIVIL SERVICE COMMISSION ET AL., APPELLEES.

(No. 45901—Decided November 7, 1983.)

*Mr. John F. Lenehan* and *Mr. Robert G. Byrom,* for appellant.

*Mr. Richard M. Humphreys* and *Mr. James G. Wyman,* for appellees.

ANN MCMANAMON, J. The appellant, Van W. Moore, was terminated for

disciplinary reasons from his position as a Cleveland City School District bus driver on August 19, 1980. Moore appealed his dismissal to the Cleveland Civil Service Commission which subsequently affirmed the school board's dismissal. On April 20, 1981, appellant timely filed an administrative appeal to the court of common pleas contesting the commission's decision. His notice of appeal named the Cleveland City School District Board of Education and the city of Cleveland Civil Service Commission as party-defendants.

On July 9, 1981, appellee-Cleveland Board of Education filed a motion to dismiss Moore's appeal, alleging that the court lacked jurisdiction to consider it because the appellant had failed to name the school board's appointing authority, its business manager, as a necessary and proper party. This motion was initially overruled but later granted by the trial court on September 2, 1982, after appellee filed a motion for reconsideration based upon this court's decision in *Catchings* v. *Cleveland Public Schools* (April 1, 1982), Cuyahoga App. No. 43730, unreported.

Moore postulates error in the dismissal of his appeal on September 2, 1982, with one assignment:

"The trial court erred in granting the motion to dismiss because appellant perfected his appeal pursuant to the mandatory statutory requirements of § 124.34 and § 119.12, Ohio Revised Code."

Appellant argues that there is no statutory or other mandatory requirement that he must serve or name any particular party in his administrative appeal. He contends it follows logically that, once his appeal is perfected, the court has jurisdiction over all adverse parties, whether or not they are designated as such in the notice of appeal. Finally, he posits that the appointing authority in a school district is the board of education and not its business manager.

Appellant's right to appeal the decision of the civil service commission to the court of common pleas is conferred by R.C. 124.34 which in part provides:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officers or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."

The procedure to be followed on appeal is set forth in the applicable portion of R.C. 119.12 as follows:

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."

A review of the appellant's notice of appeal indicates that he has complied with all of the procedural requirements of the above-cited section and, that the sole question on this issue remaining for our consideration is whether or not there are any further procedural requirements with which appellant should have complied in order to avoid dismissal.

R.C. 2506.01 delineates those administrative actions from which an appeal may be taken. It provides:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political

subdivision is located, as provided in sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by sections 2506.01 to 2506.04, inclusive, of the Revised Code.

"The appeal provided in sections 2506.01 to 2506.04, inclusive, of the Revised Code is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' does not include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided; any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person; nor any order issued preliminary to or as a result of a criminal proceeding."

This section has been recognized to afford a non-teaching school board employee the right to appeal a decision of a civil service commission, exclusive of any appeal right conferred by R.C. 124.34. See *In re Stanley* (1978), 56 Ohio App. 2d 1 [10 O.O.3d 15].

This court in *Woods* v. *Civil Serv. Comm.* (1983), 7 Ohio App. 3d 304, considered whether an appellant's failure to name any other party-defendant but the civil service commission[1] in an appeal taken under R.C. 2506.01 would prevent the court from acquiring jurisdiction over the appeal. At page 305 of the opinion this court noted that:

"An appeal taken pursuant to R.C. 2506.01 must proceed in accordance with the provisions set out in R.C. 2505.01 to 2505.45, unless modified by R.C. 2506.01 to 2506.04. Since R.C. 2506.01 to 2506.04 do not describe the necessary steps to perfect an appeal, reference must be

made to R.C. 2505.04 and R.C. 2505.05." See, also, *Thomas* v. *Webber* (1968), 15 Ohio St. 2d 177 [44 O.O.2d 150].

R.C. 2505.04 provides for the perfection of such an appeal as follows:

"An appeal is perfected when written notice of appeal is filed with the lower court, tribunal, officer, or commission. Where leave to appeal must be first obtained, notice of appeal shall also be filed in the appellate court. After being perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional."

R.C. 2505.05 sets forth the material to be contained in a notice of appeal:

"The notice of appeal required by section 2505.04 of the Revised Code shall designate the order, judgment, or decree appealed from and whether the appeal is on questions of law or questions of law and fact. In said notice the party appealing shall be designated the appellant, and the adverse party, the appellee, and the style of the case shall be the same as in the court of origin. The failure to designate the type of hearing upon appeal is not jurisdictional and the notice of appeal may be amended by the appellate court for good cause shown."

In construing the procedural requirements outlined in these two sections this court further stated in *Woods* at pages 305-306 that:

"Under R.C. 2505.04, the only jurisdictional requirement is the filing of the notice of appeal. R.C. 2505.05 then sets out what information must be designated in the notice of appeal. These, however, are not jurisdictional prerequisites and a failure to comply with them does not defeat an appeal, as the notice of appeal may be amended 'for good cause shown' (R.C. 2505.05). See *In re Estate of Verbeck* (1961), 114 Ohio App. 155, 159-160 [18 O.O.2d 465].

"Moreover, R.C. 2505.05 has universally been liberally construed so as not to

---

[1] Unlike the case at bar, where appellant's ex-employer, Cleveland Board of Education, has been named, in addition to the commission.

deny an appeal on technical grounds. *Bruns Coal Co.* v. *Bowers* (App. 1960), 15 O.O. 2d 69, 70. Thus, if the notice of appeal substantially informs all parties of the order and tribunal (or court) from which the appeal is taken and to what court the appeal is taken, so that no parties are prejudiced, then it is sufficient notice for R.C. 2505.05. *Bruns Coal Co., supra.*"

As a review of appellant's notice of appeal amply demonstrates, he fully complied with the requirements of R.C. 2505.04. It is undisputed that Moore's written notice of appeal was filed timely with the lower court and that service was made on both the board of education and the civil service commission. Pursuant to R.C. 2505.04, nothing further was procedurally required of appellant in the perfection of his appeal. Further, as this section indicates, "no step required to be taken subsequent to the perfection of the appeal is jurisdictional."

As required by R.C. 2505.05, Moore's notice of appeal sets forth both the decision being appealed from and the grounds supporting the appeal. Assuming, *arguendo,* that Moore failed to name a necessary party in his notice of appeal, the statute clearly provides that "the notice of appeal may be amended by the appellate court for good cause shown." We further note that the Cleveland Board of Education appeared and participated in all of the proceedings below. The Supreme Court, in *Gold Coast Realty* v. *Bd. of Zoning Appeals* (1971), 26 Ohio St. 2d 37 [55 O.O.2d 20], held in paragraph two of its syllabus:

"Where an adverse and necessary party appears and participates in an appeal from a decision by a municipal commissioner of building to the municipal board of zoning appeals, such party remains adverse and necessary in a further

appeal to the Court of Common Pleas under R.C. Chapter 2506, even though not named as such in the appellant's notice of appeal filed therein."

As a corollary then, the Cleveland Board of Education, Moore's former employer, remains as an adverse and necessary party in any appeal taken by appellant.

Appellant's final argument concerns whether or not the appointing authority in a city school district is the board of education or the business manager. This issue was considered by this court in *Catchings* v. *Cleveland Public Schools, supra.* This decision was apparently relied on by the court below in granting appellee's motion for reconsideration. In *Catchings* this court held that, for purposes of an administrative appeal, the appointing authority of a city school board is the business manager and, by reason of this authority, the business manager was construed to be a required and necessary party to be designated in a subject notice of appeal.

*Catchings,* however, was predicated on a narrow interpretation of R.C. 124.34 which provides that a right of appeal is afforded to "either the appointing authority or the officer or employee." This language was construed by this court to create a jurisdictional requirement that the business manager of the school board be expressly named in the notice of appeal. The *Catchings* opinion concluded that by virtue of the statutory duties assigned to a school district business manager by R.C. 3319.04,[2] in which the limits of his power to appoint and discharge employees are defined, that the business manager is, in fact, the appointing authority for the school district. We must take note however, of the clear legislative proviso that all actions taken

---

[2] R.C. 3319.04 provides in pertinent part:

"The business manager * * * shall appoint and may discharge, subject to confirmation by

the board, noneducational employees, and shall prepare and execute all contracts necessary in carrying out this section."

by the business manager in regard to personnel appointments and discharge are "subject to confirmation by the [school] board * * *." We find that R.C. 3319.04 clearly places the final authority in regard to employment matters upon the school board itself and not upon the business manager.

The Supreme Court's decision in *State, ex rel. Specht,* v. *Bd. of Edn.* (1981), 66 Ohio St. 2d 178 [20 O.O.3d 191], is germane to this examination. *Specht* also involved an appeal of the suspension of a non-teaching school board employee made pursuant to R.C. 124.34. The employee argued that only the appointing authority, *i.e.,* Oregon City Board of Education, and not the superintendent, assistant superintendent or business manager, had the authority to suspend an employee. In upholding the employee's suspension the court noted:

"[T]he assistant superintendent and *business manager,* had the authority to execute short-term suspensions of five working days or less without the direct approval of the *appointing authority.*" (Emphasis added.) *Id.* at 182.

As *Specht* demonstrates, it is clear that, for the purposes of an appeal authorized under R.C. 124.34, the appointing authority is the school board and not the business manager.

Thus, even if the statute did require that the proper appointing authority be named by appellant in his notice of appeal, the record shows that Moore was correct in that regard.

A review of the pertinent statutes and case law convinces us that the decision in *Catchings* is in error. We cannot correct the errors of other courts while adhering to our own. See *Ellison* v. *Georgia R.R. Co.* (1891), 87 Ga. 691, 695-696, 13 S.E. 809.

The order of the court of common pleas dismissing appellant's administrative appeal is reversed and this cause is remanded for proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

PATTON, C.J., and DAY, J., concur.