GUYSINGER et al., Appellants,

v.

BOARD OF ZONING APPEALS OF CITY OF CHILLICOTHE et al., Appellees.

[Cite as *Guysinger v. Chillicothe Bd. of Zoning Appeals* (1990), 66 Ohio App.3d 353.]

Court of Appeals of Ohio,
Ross County.

No. 1535.

Decided March 13, 1990.

*Edward J. Brown,* for appellants.

*William J. Corzine III,* for appellees.

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Ross County Court of Common Pleas dismissing, on jurisdictional grounds, an appeal filed by Ronald E. Guysinger, Paul P. Meyer, Connie S. Meyer, D. Frederick Steele and Gretchen Steele, appellants herein. Appellants are the owners of land contiguous to a parcel of land owned by Joseph P. Hurst, an appellee herein, who had been granted a zoning variance as to use of his parcel by the Board of Zoning Appeals of Chillicothe (hereinafter referred to as "zoning board") which board is also an appellee herein.[1] The following errors are assigned:

---

1. In their amended notice of appeal, appellants have also listed the city of Chillicothe, Ohio, James William Carnes and Tim Alexander, both building zoning inspectors for the city of Chillicothe, Ohio, as appellees. These latter two appellees were not named in the action commenced below, but were named, for the first time as parties to this action, on the amended notice of appeal.

"I. The trial court erred to the prejudice of the appellants by finding that no notice of appeal was filed with the board of zoning appeals.

"II. The board of zoning appeals failed to give proper notice of the 10 May, 1988 hearing to the appellants.

"III. The decision of the board of zoning appeals was illegal and in violation of the Ohio Sunshine Law.

"IV. The trial court erred to the prejudice of appellants in not finding that the board of zoning appeals failed to give proper notice of its decision to appellants.

"V. The trial court erred to the prejudice of the appellants by finding that the notice of appeal was filed with the board of appeals in an untimely manner."

The facts pertinent to this appeal are as follows. On April 26, 1988, appellee zoning board met to consider a request for a zoning variance submitted by appellee Hurst. The variance would allow Hurst to convert a garage located at the rear of the premises at 207 Caldwell Street, Chillicothe, in Ross County, Ohio, into an apartment. Such a use is apparently prohibited by the City Code of Chillicothe for the zoning district in which the property is located. Several of the appellants were also present at the meeting.

At that time, Hurst presented his request and appellants presented their opposition to such request. A transcript of the proceeding reveals that the request was tabled by a unanimous vote of the zoning board and the meeting was thereafter adjourned. There is no evidence in the record to indicate that Hurst or the appellants were ever informed as to when the meeting would be reconvened.

On May 10, 1988, the meeting was reconvened and the variance request was removed from the table and granted by an affirmative vote of the members present. There is no evidence in the transcript to indicate that either Hurst or the appellants were present at that time.

On June 9, 1989, appellants, *pro se*, commenced their appeal below by filing a pleading with the Ross County Court of Common Pleas entitled "Notice of Appeal" on the first page and "Complaint" on the second page. In this pleading, appellants, *inter alia*, requested that the court vacate the zoning variance granted to Hurst. Pursuant to Civ.R. 4 and 4.1(1), the court below issued a summons, and made service of process by certified mail, on appellees, zoning board and Hurst. On June 10, 1988, process was served on both appellees as evidenced by the signed return mail receipts in the record.

On June 24, 1989, the zoning board filed a motion to dismiss the appeal on the grounds that appellants had failed to properly perfect the appeal and thus

the court lacked jurisdiction. Appellants retained counsel and filed a memorandum opposing the aforesaid motion, arguing that the appeal had been properly perfected as evidenced by a return mail receipt dated June 10, 1988. Appellants further argued that they never received written notice of the zoning board's decision, as attested to in attached affidavits, and, therefore, the time limitation in which to perfect their appeal did not begin to run until actual verbal notice was given to appellee, Gretchen Steele. On July 28, 1988, the trial court, finding that appellants had failed to file a notice of appeal with the zoning board, held that it was without jurisdiction to adjudicate the matter and, therefore, dismissed the appeal.

In their brief, appellants contend that, contrary to the finding of the trial court, the notice of appeal was filed with the zoning board as evidenced by "the green return receipt card included in the record" and dated June 10, 1988. As mentioned previously, the only certified mail return receipt cards bearing the date of June 10, 1988, are those used to effect service of process on the zoning board and Hurst. Therefore, we assume appellants' argument to be that service of the summons, and the pleading which contained a notice of appeal, pursuant to Civ.R. 4 and 4.1, is the functional equivalent of filing a notice of appeal with the zoning board. We disagree.

Pursuant to R.C. 2506.01, quasi-judicial final orders, as well as the decisions of boards or divisions of a political subdivision of the state of Ohio, can be reviewed by the court of common pleas of the county wherein the political subdivision is located. A decision by a board of zoning appeals as to whether to grant a variance is made in a judicial capacity and is thus appealable. *In re McDonald* (1963), 119 Ohio App. 15, 26 O.O.2d 100, 196 N.E.2d 333. In order to perfect such an appeal, R.C. 2505.04 provides, *inter alia,* as follows:

"An appeal is perfected *when a written notice of appeal is filed,* in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court, or, in the case of an administrative-related appeal, *with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved.* If a leave to appeal from a court first must be obtained, a notice of appeal also shall be filed in the appellate court." (Emphasis added.)

Therefore, in order to perfect an appeal from a board of zoning appeals to the court of common pleas for the county in which such board of zoning appeals is located, a notice of appeal must be filed with the zoning board itself. It is well settled that this requirement is jurisdictional and

essential in order to vest the court of common pleas with jurisdiction over the appeal. *Richards v. Indus. Comm.* (1955), 163 Ohio St. 439, 445, 56 O.O. 383, 386, 127 N.E.2d 402, 406; *Moore v. Cleveland Civil Serv. Comm.* (1983), 11 Ohio App.3d 273, 275, 11 OBR 453, 455, 465 N.E.2d 482, 484.

■ However, the case *sub judice* presents a unique fact pattern which requires us to interpret what is meant by R.C. 2505.04 in requiring that the notice of appeal be filed *with* the board or instrumentality. The substance of appellants' argument is that the notice of appeal herein was filed *with* the zoning board by virtue of being included as a part of the action filed with the court of common pleas and then served on the zoning board along with the summons and complaint. We are not persuaded by such an argument.

The language used in the statute clearly and succinctly requires that the notice of appeal be filed *with* the board appealed from, as opposed to the court appealed to. In discussing the proper manner in which to perfect an appeal, the Ohio Supreme Court has consistently held as follows:

"An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements." *Zier v. Bureau of Unemp. Comp.* (1949), 151 Ohio St. 123, 38 O.O. 573, 84 N.E.2d 746, at paragraph one of the syllabus; *McCruter v. Board of Review* (1980), 64 Ohio St.2d 277, 279, 18 O.O.3d 463, 465, 415 N.E.2d 259, 260.

The court further emphasized the importance of perfecting an appeal in the required mode as follows:

"No one would contend that a notice of appeal need not be filed within the time fixed by statute. Compliance with a requirement that a notice of appeal shall be filed within the time specified, in order to invoke jurisdiction, is *no more essential than that the notice be filed at the place designated* and that it be such in content as the statute requires." (Emphasis added.) *Zier, supra,* at 125, 38 O.O. at 574, 84 N.E.2d at 747.

The pleading, filed by appellants below, was not filed "in the place designated" by R.C. 2505.04. Therefore, it cannot be considered as a notice of appeal sufficient to satisfy the jurisdictional prerequisite of the statute. Accordingly, the trial court was without jurisdiction to review the matter, *Richards, supra,* 163 Ohio St. 439 at 445, 56 O.O. at 386, 127 N.E.2d at 406; *Moore, supra,* 11 Ohio App.3d 273 at 275, 11 OBR at 455, 465 N.E.2d at 484, and the court's dismissal of the matter was proper. Appellant's first assignment of error is overruled.

We next consider appellants' fifth assignment of error because it also concerns the "notice of appeal" issue. Appellants contend that the trial court erred in finding that the notice of appeal was filed in an untimely manner. In

reviewing the journal entry dismissing the action, we note that the court below made no such finding, but rather specifically held that "[n]o notice of appeal was filed with the [b]oard."[2] In light of our previous holding that such determination was correct, appellants' fifth assignment of error is overruled.

Appellants' second and third assignments of error concern the actions taken by the zoning board rather than any ruling made by the trial court below. Insomuch as the court below was without jurisdiction to review those actions on the merits, and in fact made no ruling on the merits, these issues are not properly before the court. Therefore, the second and third assignments of error are overruled.

In their fourth assignment of error appellants argue that the trial court erred in failing to find that the zoning board failed to give proper notice of its decision to them. It is appellants' contention that because there is no evidence that the minutes of the meeting of May 10, 1988 were ever formally adopted, and because written notice of the decision was never given to them, their notice of appeal was not untimely filed.

Although this argument arises from the faulty premise that a notice of appeal was filed, the argument, nevertheless, raises the issue of when the thirty-day period of R.C. 2505.07 in which to file the notice of appeal began to run. Appellants contend that without formal written notice to them, or official approval of the minutes of the zoning board meeting, the thirty-day period of R.C. 2505.07 never commenced. We disagree.

Without determining whether a zoning board is even required to give notice of its actions to a party which has made no formal application to it, we note the affidavit of Gretchen Steele openly admits having received actual notice of the decision on May 11, 1988. Therefore, appellants were obligated to take the necessary steps to perfect their appeal within thirty days after that time. However, there is nothing in the record to suggest that appellants took any steps beyond the commencement of the action below. Thus, even if the court below erred in failing to find that the zoning board had failed to give notice of its decision, the outcome would still have been the same. Thus, the final assignment of error is overruled.

*Judgment affirmed.*

HOMER E. ABELE, P.J., and GREY, J., concur.

---

**2.** In their brief, appellants acknowledge that the trial court made no such finding. However, appellants state that this argument is made "[i]n case it was the intention of the trial court to state that the notice had not timely been filed * * *." We do not believe the trial court intended such a statement.