JOURNAL ENTRY AND OPINION
On February 5, 1997, appellant, Ezra Rahamim, filed a Notice of Appeal in the Cuyahoga County Court of Common Pleas. Appellant's appeal challenged the January 6, 1997 decision of the City of University Heights City Council, which sustained the decision of the Board of Zoning Appeals denying appellant's request to allow separate utility service to the third floor of rental property located at 13589 Cedar Road and requiring that appellant install garbage disposals in the first and second floor units.
On August 22, 1997, appellant filed a praecipe, as required by R.C. 2506.02, requesting that the clerk of City Council prepare and file a complete transcript of the original papers, testimony, hearings, meetings and evidence offered, heard and taken into consideration before the Council issued its decision regarding appellant's request. No transcript of proceedings, or certified copy of the minutes of the January 6, 1997 City Council meeting, was ever filed with the trial court, however.
Instead, on October 24, 1997, appellee filed a motion to dismiss appellant's appeal, arguing that, pursuant to R.C.2505.04, appellant's appeal was jurisdictionally defective because appellant had failed to file his appeal with either the Board of Zoning Appeals or the City of University Heights. On May 1, 1998, the trial court issued an order denying appellee's motion to dismiss, but affirming the decision of the University Heights City Council[1] because it was "supported by reliable, probative and substantial evidence."
Appellant timely appealed to this court, raising one assignment of error for our review:
 THE TRIAL COURT ERRED IN FINDING THAT THE DECISION OF THE BOARD OF ZONING APPEALS WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.
Our review of the record mandates that we sua sponte dismiss appellant's appeal.
Pursuant to R.C. 2506.01, quasi-judicial final orders, as well as the decisions of boards or divisions of a political subdivision of the state of Ohio, can be reviewed by the court of common pleas of the county wherein the political subdivision is located. In order to perfect such an appeal, R.C. 2505.04
provides:
 An appeal is perfected when a written notice of appeal is filed, in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court, or, in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved. If a leave to appeal from a court first must be obtained, a notice of appeal also shall be filed in the appellate court. (Emphasis added.)
Therefore, in order to perfect an appeal from a city council to the court of common pleas, a notice of appeal must be filed with the city itself. It is well settled that this requirement is jurisdictional and essential in order to vest the court of common pleas with jurisdiction over the appeal. Richards v. Tndus. Comm.
(1955), 163 Ohio St. 439, 445; Guysinger v. Chillicothe Bd. ofZoning Appeals (1990), 66 Ohio App.3d 353, 356-357; Moore v.Cleveland Civil Serv. Comm. (1983), 11 Ohio App.3d 273. 275.
In his brief in response to appellee's motion to dismiss, appellant conceded that he had not filed a notice of appeal with either the Board of Zoning Appeals or the City of University Heights, but argued that because he had filed a timely notice of appeal with the common pleas court, the court should overlook this technicality and decide his case on its merits. We cannot agree.
The language used in R.C. 2505.04 clearly and succinctly requires that the notice of appeal be filed with the board or commission appealed from, as opposed to the court appealed to. Guysinger, 66 Ohio App.3d at 357. Consequently, by failing to file his notice of appeal with the City of University Heights, appellant failed to satisfy the jurisdictional prerequisite of the statute.
Accordingly, the trial court was without jurisdiction to review the matter. Therefore, the trial court's order dated May 1, 1998 affirming the decision of the University Heights City Council is void and not an appealable order. Accordingly, this court is without jurisdiction to hear this appeal and the appeal is, therefore, dismissed.
This appeal is dismissed.
It is, therefore, ordered that appellee recover from appellant its costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, P.J. and SPELLACY, J., CONCUR.
 _______________________________ TIMOTHY E. MCMONAGLE JUDGE
[1] "The trial court's judgment entry incorrectly states that it is affirming the decision of the University Heights Board of Zoning Appeals. Appellant's appeal to the trial court, however, was of the City Council's decision affirming the Board of Zoning Appeals. Thus, it is apparent that the trial court affirmed the City Council's decision, not the decision of the Board of Zoning Appeals.