OPINION
In this accelerated calendar appeal submitted to this court on the record and briefs of the parties, appellant, Calvin R. Marks ("appellant"), appeals from the judgment of the Portage County Court of Common Pleas dismissing an administrative appeal taken from a decision rendered by appellee, the Streetsboro Planning Commission ("Planning Commission"). For the reasons that follow, we affirm the judgment of the trial court.
The facts pertinent to this appeal are not in dispute. On May 12, 1998, the Planning Commission denied appellant's request for a conditional use permit to allow a parcel of property to be used as a seasonal campground. On May 19, 1998, appellant attempted to appeal the Planning Commission's decision to the Portage County Court of Common Pleas by filing a notice of appeal with the Portage County Clerk of Courts ("Clerk"). With his notice of appeal, appellant requested the Clerk's office to "serve the [Planning Commission] by certified mail." As requested, the Clerk served the Planning Commission with notice of the appeal filed by appellant. The planning commission received a copy of the notice of appeal filed with the Clerk's office. However, the appeal was never formally "filed" with the Planning Commission as required by R.C. 2505.04.
On June 9, 1998, the Planning Commission filed a motion to dismiss the administrative appeal because appellant had not met the procedural filing requirements of R.C. 2505.04 and, therefore, the trial court was without jurisdiction to hear the appeal. Appellant responded to the Planning Commission's arguments by noting that, despite any procedural infirmities, the Planning Commission was served with notice of the appeal and asserted that his administrative appeal should proceed.
By judgment entry filed July 7, 1998, the trial court granted the Planning Commission's motion to dismiss determining that it was without jurisdiction over this matter due to appellant's failure to properly file his notice of appeal. From this judgment, appellant filed a timely notice of appeal with this court and, in his sole assignment of error, argues that the trial court erred in granting the Planning Commission's motion to dismiss his administrative appeal.
R.C. 2505.04, governing when an appeal is perfected, provides the following with respect to appeals from a decision of a local administrative body to the common pleas court:
 "An appeal is perfected when a written notice of appeal is filed, * *, in the case of an administrative-related appeal, with the administration officer, agency, board, department, tribunal, commission, or other instrumentality involved." (Emphasis sic.)
In the present case, appellant did not file his notice of appeal with the Planning Commission pursuant to R.C. 2505.04. Instead, appellant posits that his notice of appeal, filed with the Clerk's office and subsequently served on the Planning Commission, is the functional equivalent to directly filing his appeal with the administrative body.
This court has previously held that a filing with the clerk of the common pleas court requesting that notice be served upon the administrative agency does not satisfy the requirements of R.C. 2505.04 for perfecting an appeal. Trickett v. Randolph Twp.Bd. of Zoning Appeals (Aug. 18, 1995), unreported; Bognar v.Mantua Twp. Bd. of Zoning Appeals (June 25, 1999), Portage App. No. 98-P-0054, unreported, at 9; see, also, Rahamim v. City ofUniv. Hts. (July 16, 1999), Cuyahoga App. No. 74599, unreported. Specifically, we stated in Trickett, at p. 10-11, as follows:
 "Service is not the equivalent of filing the notice with the [proper administrative agency]. Filing with the proper agency is essential in order to vest the court of common pleas with jurisdiction to hear the case. Patrick Media Group, Inc. v. Cleveland Bd. of Zoning Appeals (1988), 55 Ohio App.3d 124. See, also, Ware v. Civil Serv. Comm. of Hamilton (Aug. 29, 1994), Butler App. No. CA 94-01-020, unreported; Manholt v. Maplewood Joint Vocational School Dist. Bd. of Edn. (Aug. 21, 1992), Portage App. No. 91-P-2410, unreported; and McCruter v. Bd. of Review (1980), 64 Ohio St.2d 277.
 "In a case directly on point, Guysinger v. Chillicothe Bd. of Zoning Appeals (1990), 66 Ohio App.3d 353, the court held that:
 "`* * * in order to perfect an appeal from a board of zoning appeals to the court of common pleas for the county in which such board of zoning appeals is located, a notice of appeal must be filed with the zoning board itself. It is well settled that this requirement is jurisdictional and essential * * *.' Id. at 356-357.
 "In Guysinger, appellant filed the notice with the court of common pleas and served it on the zoning board. Quoting Zier v. Bureau of Unemp. Comp. (1949), 151 Ohio St. 123, paragraph one of the syllabus, the court held: `"An appeal * * * can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements."' Id. at 357."
Based on appellant's failure to properly perfect his administrative appeal, the trial court was without jurisdiction over the matter and did not err in granting the Planning Commission's motion to dismiss. Appellant's sole assignment of error is without merit.
Based on the foregoing, the judgment of the trial court is affirmed.
CHRISTLEY, P.J., NADER, J., concur.