JOURNAL ENTRY AND OPINION
Plaza Interiors, Inc., John Manoccihio and the Prisma Center (collectively Plaza Interiors) appeal from a judgment of the common pleas court granting a motion to dismiss filed by the City of Warrensville Heights and the Planning Commission of the City of Warrensville Heights. On appeal, Plaza Interiors argues that the trial court improperly considered evidence outside the pleadings when it granted the city's Civ.R. 12(B)(6) motion. Upon review of the record, we affirm that portion of the judgment which dismissed the taxpayer action, but reverse the remainder of the judgment of the trial court and remand those matters for further consideration.
The facts of this case reveal that Plaza Interiors has a leasehold in property located at 4621 Green Road, in the City of Warrensville Heights. Plaza Interiors filed an application for an occupancy permit to operate a furniture store, and in its application, indicated a desire to lease floor space to the Prisma Center, a not-for-profit Ohio corporation, to sell charitable pull-tab instant lottery tickets.
At a meeting in October 1999, the Planning Commission of the City of Warrensville Heights postponed ruling on Plaza Interiors' application until its November meeting; however, the record demonstrates that the Commission never made a final ruling on this application. In a letter to Plaza Interiors' counsel dated December 9, 1999, the law director indicated that the city Planning Commission would reject the proposed secondary use of the subject property, i.e., the sale of charitable lottery tickets in Plaza Interiors' furniture store. The law director asserted that Warrensville Heights Codified Ordinance Chapter 1145 only permits one main use for a facility, and he concluded that the proposed sale of pull-tab tickets would violate the city's gambling ordinances.
On January 4, 2000, Plaza Interiors filed a complaint in the court of common pleas, asserting four claims for relief: (1) an administrative appeal from the Planning Commission's presumptive denial of its request for a use permit; (2) a taxpayer action claiming a public right to charitable gambling; (3) a mandamus to direct the Planning Commission to grant a use permit; and (4) a declaratory judgment seeking a determination that the Warrensville Heights' ordinance was unconstitutional.
On March 16, 2000, Warrensville Heights filed a motion to dismiss the complaint, asserting inter alia that the trial court lacked jurisdiction to hear the case because Plaza Interiors failed to file a notice of appeal with the Planning Commission, and also asserted that the proposed sale of pull-tab tickets violated R.C. 2915.02. In a judgment entry and opinion filed on June 9, 2000, the trial court granted the city's motion and dismissed the administrative appeal for lack of jurisdiction because Plaza Interiors had failed to file a notice of appeal with the city's Planning Commission. In addition, the court found the declaratory judgment and mandamus actions not ripe for adjudication because Plaza had not exhausted its administrative remedies. Finally, the court dismissed the taxpayer claim finding that Plaza Interiors had been motivated by personal benefit and that its proposed sale of pull-tab tickets did not involve a public right.
Plaza now appeals, raising four assignments of error for our review. The first assignment of error, which is determinative of this appeal, states:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY CONSIDERING EVIDENCE OUTSIDE THE COMPLAINT IN GRANTING PLAINTIFF'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.
Plaza Interiors maintains that the trial court improperly considered evidence outside the complaint when it granted Warrensville Heights' motion to dismiss. In particular, Plaza Interiors complains that the court relied on facts outside the pleadings in its determination that Plaza Interiors failed to exhaust its administrative remedies.
In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments contained in the complaint. Aust v. Ohio State Dental Bd. (2000), 136 Ohio App.3d 677, 681, citing State ex rel. Alford v. Willoughby (1979), 58 Ohio St.2d 221, 223. Civ.R. 12(B) permits the trial court to treat a motion to dismiss as a motion for summary judgment, and consider matters outside the pleadings, if all parties are given reasonable opportunity to present Civ.R. 56 materials. Under Civ.R. 12(B) and 56(C), a court must notify all parties at least fourteen days before the time fixed for hearing when it converts a motion to dismiss for failure to state a claim into a motion for summary judgment. State ex rel. V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 470.
In its judgment entry and opinion, the court initially found that it lacked jurisdiction on the administrative appeal because a notice of appeal had not been filed with the Planning Commission.
R.C. 2505.04 states:
 An appeal is perfected when a written notice of appeal is filed, in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court, or, in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved. If a leave to appeal from a court first must be obtained, a notice of appeal also shall be filed in the appellate court. After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional. (Emphasis added.)
As the Fourth Appellate District stated in Guysinger v. Bd. of Zoning Appeals of City of Chillicothe (1990), 66 Ohio App.3d 353,356-357:
 Therefore, in order to perfect an appeal from a board of zoning appeals to the court of common pleas for the county in which such board of zoning appeals is located, a notice of appeal must be filed with the zoning board itself. It is well settled that this requirement is jurisdictional and essential in order to vest the court of common pleas with jurisdiction over the appeal. Richards v. Indus. Comm. (1955), 163 Ohio St. 439, 445, 56 O.O. 383, 386, 127 N.E.2d 402, 406; Moore v. Cleveland Civil Serv. Comm. (1983), 11 Ohio App.3d 273, 275, 11 OBR 453, 455, 465 N.E.2d 482, 484. (Emphasis added.)
Plaza Interiors urges that it satisfied this requirement by serving Warrensville Heights and its Planning Commission with copies of the complaint. However, [t]he language used in the statute clearly and succinctly requires that the notice of appeal be filed with the board appealed from, as opposed to the court appealed to. Guysinger, at 357 (emphasis added). The court there concluded that serving a summons and the notice of appeal on an administrative agency pursuant to Civ.R. 4 and 4.1 was not the functional equivalent of filing a notice of appeal with that agency. Our court cited Guysinger with approval and adopted this proposition in Rahamim v. University Hts. (July 16, 1999), Cuyahoga App. No. 74599, unreported.
In this case, the trial court dismissed the administrative appeal, finding that Plaza Interiors had failed to file a notice of appeal with the Planning Commission. In considering a Civ.R. 12(B)(6) motion to dismiss, a trial court is restricted to reviewing matters contained in the pleadings, and may not consider evidence outside those pleadings. Pleadings are designated by Civ.R. 7(A) as: a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.
The determination reached by the trial court here necessitated consideration of evidence outside the pleadings — whether Plaza Interiors ever filed a notice of appeal with the Planning Commission — and is therefore a matter which should have been considered on summary judgment with notice to all parties as opposed to a motion to dismiss, which is limited to matters contained in the pleadings.
The civil rules authorize a trial court to convert a motion to dismiss into a motion for summary judgment; however, before doing so, the court must give the parties a reasonable opportunity to present Civ.R. 56 evidentiary materials. The Supreme Court of Ohio has held that a reasonable opportunity means at least fourteen days notice. State ex rel. V. Cos. v. Marshall, supra, at 470. Here, because the trial court failed to provide such notice to the parties, it could not properly consider matters outside the pleadings.
Likewise, the trial court could summarily dismiss the mandamus action if, after appropriate notice and consideration of evidence outside the pleadings, it finds that Interiors failed to exhaust its administrative remedies. As the court stated in State ex rel. Leyendecker v. Duro Test Corp. (1999), 87 Ohio St.3d 237, 238:
 Mandamus will not issue where the relator has a plain and adequate remedy at law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225. For this reason, the failure to pursue an adequate administrative remedy bars mandamus relief. State ex rel. Reeves v. Indus. Comm. (1990), 53 Ohio St.3d 212, 559 N.E.2d 1311.
The court also dismissed the declaratory judgment action based upon the failure to exhaust administrative remedies. However, the Supreme Court of Ohio has consistently held that failure to exhaust administrative remedies is not a necessary prerequisite to an action challenging the constitutionality of a statute, ordinance, or administrative rule. Jones v. Chagrin Falls (1997), 77 Ohio St.3d 456, 460, citing Driscoll v. Austintown Assoc. (1975), 42 Ohio St.2d 263, paragraph two of the syllabus; Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 17; Fairview Gen. Hosp. v. Fletcher (1992), 63 Ohio St.3d 146, 149.
However, we have concluded that the court properly dismissed the taxpayer's action as a matter of law. In its judgment entry and opinion, the court stated, Plaintiff's [sic] allege to bring this action on behalf of all taxpayers to enforce a public right, regardless of any private motive or advantage. The court, citing State ex rel. Casper v. Dayton (1990), 53 Ohio St.3d 16, correctly ruled that, An action to compel a governmental entity to perform a function for Plaintiff's own personal benefit does not represent such a claim. We have concluded that Plaza Interiors failed to state a viable taxpayer claim on the face of its complaint, and accordingly, we affirm this part of the trial court's judgment.
Therefore, in accordance with the foregoing, we have concluded that the trial court erred in considering evidence outside the pleadings in granting Warrensville Heights' motion to dismiss. We sustain Plaza Interiors' first assignment of error, and reverse the judgment relating to the administrative appeal, mandamus and declaratory relief sought in this case, but affirm the trial court's judgment as to the dismissal of the taxpayer action. This case is remanded to the trial court for further proceedings consistent with this opinion.
The remaining assignments of error state:
 II. THE LOWER COURT ERRED IN RULING PLAINTIFFS WERE REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES AS TO DO SO WOULD BE FUTILE.
 III. THE LOWER COURT ERRED IN RULING PLAINTIFFS' CASE WAS NOT PROPERLY BROUGHT AS A TAXPAYER'S SUIT AS THE CITY'S DENIAL OF THE PERMIT BARRED TAXPAYER'S STATUTORY RIGHT TO PURCHASE PULL TAB BINGO TICKETS FOR CHARITABLE FUND-RAISING.
 IV. THE LOWER COURT ERRED IN DENYING DECLARATORY JUDGMENT AND MANDAMUS AS THE ADMINISTRATIVE PROCESS WAS UNREASONABLE BECAUSE THE CITY LACKED AUTHORITY TO GRANT THE RELIEF REQUESTED.
Our disposition of the first assignment of error renders the remaining assignments of error moot, and pursuant to App.R. 12(A)(1)(c), we decline to address them.
Judgment affirmed in part, reversed in part, and remanded for further proceedings consistent with this Opinion.
It is ordered that appellees and appellants pay their own costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and ANNE L. KILBANE, J. CONCUR.