DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from an order of the Erie County Court of Common Pleas, dismissing a zoning appeal for want of jurisdiction.
 {¶ 2} Appellant, David Price, is successor in interest to property in Margaretta Township in Erie County. On June 24, 2000, appellee Margaretta Township Board of Zoning Appeals denied a conditional use permit for this property. On July 19, 2000, appellant appealed this denial to the Erie County Common Pleas Court and requested the clerk of courts to advise appellee of this appeal. It is uncontested that appellee received a copy of the notice of appeal from the clerk via certified mail on July 22, 2000. On March 14, 2002, appellee moved to dismiss the appeal on the ground that appellant failed to file his notice of appeal with appellee and, therefore, the common pleas court was never vested with jurisdiction pursuant to R.C. 2505.04.
 {¶ 3} When the common pleas court dismissed appellant's appeal for want of jurisdiction, he filed this appeal.
 {¶ 4} In a single assignment of error, appellant contends that the clerk of courts' service on appellee was sufficient to satisfy R.C. 2505.04
or, alternatively, the jurisdictional question was waived by appellee filing transcripts and other evidence with the trial court.
 {¶ 5} The filing of a notice of appeal is jurisdictional. Rosemanv. Village of Reminderville (1984), 14 Ohio App.3d 124, 126. A court that lacks subject-matter jurisdiction lacks the power to hear the case; therefore, the issue of whether subject-matter jurisdiction has been established may be raised at any time.
 {¶ 6} State ex rel. Tubbs-Jones v. Suster (1998), 84 Ohio St.3d 70,78. Consequently, there can be no waiver of subject-matter jurisdiction.
 {¶ 7} Whether subject-matter jurisdiction exists is a question of law and is reviewed de novo. Burns v. Daily (1996), 114 Ohio App.3d 693,701.
 {¶ 8} In material part, R.C. 2505.04 provides:
 {¶ 9} "An appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved. * * * After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional."
 {¶ 10} In Dudukovich v. Lorain Metro. Hous. Author. (1979),58 Ohio St.2d 202, 204, the Supreme Court of Ohio explained what is necessary to perfect an appeal from an administrative decision:
 {¶ 11} "Although R.C. 2505.04 is, admittedly, not explicit on this point, it appears to require that written notice be filed, within the time limit prescribed * * * with the agency or board from which the appeal is being taken, in order for the appeal to be perfected. As a practical matter, such notice must also be filed, within the same time limit, with the Court of Common Pleas, in order for it to assume jurisdiction. * * *"
 {¶ 12} The parties agree that in this matter the applicable prescribed time for an appeal to be perfected is 30 days from the date of the order appealed from. Similarly, it is undisputed that appellee received by certified mail from the clerk of courts a copy of appellant's notice of appeal within 30 days of appellee's denial of the use permit. At issue is whether, as the common pleas court concluded in this matter, R.C. 2505.04 requires an administrative appellant to separately and personally send a notice of appeal to the administrative agency or whether timely notice delivered through a court clerk is sufficient in order to perfect an appeal.
 {¶ 13} The common pleas court in this case relied principally onGuysinger v. Chillicothe Bd. of Zoning Appeals (1990), 66 Ohio App.3d 353. In Guysinger, a contiguous property owner attempted to appeal an award of a zoning variance by initiating an administrative appeal with the Ross County Court of Common Pleas. Appellant did not directly serve the zoning board with a notice of appeal, but relied upon the court clerk to send the board a copy of his appeal notice with his complaint. The common pleas court found this was insufficient notice to establish jurisdiction pursuant to R.C. 2505.04. The appeals court affirmed, holding that a notice sent as part of a summons and complaint was not filed "in the place designated" by the statute. Id. at 357.
 {¶ 14} In contradistinction to Guysinger, appellant directs our attention to B.P. Exploration Oil v. Oakwood Planning Comm., Cuyahoga App. No. 80510, 2002-Ohio-4163. B.P. Exploration holds that the purpose of the filing requirement is to give notice of the appeal and that any method of service that provides notice of the appeal is sufficient to satisfy the statutory requirement. Id. at paragraph 13.
 {¶ 15} B.P. Exploration is not directly on point. The issue there was whether hand delivery of a notice of appeal was sufficient to satisfy the statute. Moreover, appellee argues that the B.P. Exploration case should be less persuasive because it is unpublished.
 {¶ 16} Any perceived distinction in the persuasiveness of published and nonpublished cases has been eliminated. Rep.R. 4(a) (amended 5-1-02). Moreover, since neither of the cases at issue are from this district, their influence on this court and the common pleas court is, at most, persuasive. Additionally, while B.P. Exploration is distinguishable, the case cites two appellate cases which appear to be on all fours with the issue at hand.
 {¶ 17} In both Evans v. Greeneview Local Sch. Dist. (Jan. 4, 1989), Greene App. No. 88CA40, and McCormick v. Wellston Bd. of ZoningAdjustment (Oct. 15, 1982), Jackson App. No. 463, administrative appellants filed appeal notices with courts whose clerks then timely sent copies of the notices to the respective administrative agencies via certified mail. In Evans, the appeals court affirmed a common pleas court finding that this was sufficient to satisfy R.C. 2505.04. In McCormick, the appeals court reversed a common pleas court determination that such notice was insufficient.
 {¶ 18} We note that both B.P. Exploration and Evans reference language from Dudukovich, which we find enlightening as well. Dudukovich
filed his notice of appeal with the common pleas court clerk and himself mailed a copy via certified mail to the administrative agency. In that matter, the Supreme Court stated, at 204:
 {¶ 19} "* * * It is established that the act of depositing the notice in the mail, in itself, does not constitute a `filing,' at least where the notice is not received until after the expiration of the prescribed time limit. Fulton, Supt. of Banks, v. State, ex rel. GeneralMotors Corp. (1936), 130 Ohio St. 494. Rather, `[t]he term "filed" * * * requires actual delivery * * *.' Id., at paragraph one of the syllabus. However, no particular method of delivery is prescribed by the statute. Instead, as was aptly stated in Columbus v. Upper Arlington (1964), 94 Ohio Law Abs. 392, 397, 201 N.E.2d 305, `any method productive of certainty of accomplishment is countenanced.' Having considered appellee's method of service, we find that simply `[b]ecause the manner of delivery is unusual does not make it illegal.' Id."
 {¶ 20} We concur with the view stated in Evans and McCormick that R.C. 2505.04, as interpreted by Dudukovich, imposes no prohibition of a timely copy of a notice of appeal from a clerk of courts to perfect an administrative appeal. Accordingly, appellant's sole assignment of error is found well-taken.
 {¶ 21} On consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellee.
JUDGMENT REVERSED.
Peter M. Handwork, P.J., Richard W. Knepper, J., George M. Glasser,J., CONCUR.
Judge George M. Glasser, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.