OPINION
{¶ 1} Appellants, Keith Voss, Stanley Eakin, Marjorie Eakin, Richard Wills, Kathy Wills, Tom Fancher, Diana Fancher, Donald Hinton, and Barbara Eakin (collectively *Page 2 
"appellants") are a group of residents in Orient, Ohio who own property adjacent to 6901 and 6903 Harrisburg Pike ("the property"). Appellants filed this appeal from a judgment by the Franklin County Court of Common Pleas dismissing an appeal of a decision by appellee, Franklin County Board of Zoning Appeals ("appellee"), that granted a conditional use application for the property.
 {¶ 2} Appellee granted the conditional use application for the property at its meeting on August 20, 2007. On September 19, 2007, appellants filed an appeal of this decision with the Franklin County Court of Common Pleas. Appellants did not file a notice of appeal with appellee. Appellants argue that the clerk of the court of common pleas served the appeal on appellee via certified mail.
 {¶ 3} Appellee filed a brief in accordance with the court's case scheduling order, arguing that the appeal should be denied because appellants failed to perfect their appeal in accordance with R.C. 2505.04 by filing a notice of appeal with appellee. In a document dated May 8, 2008 and entitled "DECISION ON MERITS OF APPEAL," the trial court concluded that dismissal for lack of jurisdiction was required due to appellants' failure to file a notice of appeal with the administrative agency. On May 14, 2008, the trial court issued a "DECISION AND ENTRY SUSTAINING MOTION TO DISMISS" essentially repeating the conclusion set forth in the May 8 document, but referring to a motion to dismiss filed by appellee. The record does not contain a motion to dismiss filed by appellee. Thus, it appears that the trial court treated appellee's merit brief as a motion to dismiss. *Page 3 
 {¶ 4} Appellants filed this appeal, alleging as the sole assignment of error essentially that the trial court erred in dismissing their administrative appeal. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 5} R.C. 2505.04 specifies the procedure to be followed to perfect an appeal from the decision of a board or commission such as appellee. That section provides, in relevant part, that "[a]n appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." It is not sufficient to perfect an appeal under R.C. 2505.04
by filing the appeal with the court of common pleas and then serving the agency with the pleadings. Guysinger v. Chillicothe Bd. of ZoningAppeals (1990), 66 Ohio App.3d 353, 584 N.E.2d 48. The requirement of perfecting the appeal in accordance with the statute is jurisdictional; thus, a court of common pleas is not vested with jurisdiction to consider an appeal if the appeal is not perfected in the manner specified by the statute. Id., citing Richards v. Indus. Comm. (1955),163 Ohio St. 439, 56 O.O. 383, 127 N.E.2d 402; Moore v. Cleveland CivilServ. Comm. (1983), 11 Ohio App.3d 273, 11 OBR 453, 465 N.E.2d 482.
 {¶ 6} In this case, nothing in the record establishes that appellants perfected their appeal of appellee's decision by filing the notice of appeal with appellee. Appellants argue that appellee was adequately placed on notice of the appeal when the clerk of courts served appellee with the notice after its filing with the clerk. However, this method of providing notice to the administrative agency was not sufficient to perfect the appeal, and, therefore, was not sufficient to vest the trial court with jurisdiction to consider the appeal. Guysinger. We are not unsympathetic to appellants in their attempt to prosecute *Page 4 
this action without the assistance of legal counsel. However, pro se litigants are held to the same rules, procedures, and standards as litigants who are represented by counsel, and must accept the results of their own mistakes and errors. Atkins v. Ohio Dept. of Job FamilyServs., Franklin App. No. 08AP-182, 2008-Ohio-4109.
 {¶ 7} Therefore, the trial court did not err in dismissing appellants' administrative appeal for lack of jurisdiction. Accordingly, we overrule appellants' assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
McGRATH, P.J., and KLINE, J., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment of the Tenth Appellate District. *Page 1